## COLEMAN VS. HART and others.

TAX SALE. *Act prohibiting county treasurer or clerk from purchasing at, strictly construed. Purchase of tax certificate not prohibited. Deed to purchasing officer valid.*

1. Ch. 276, Laws of 1864 (1 Tay. Stats., 337–8, §§ 229–231), makes it a misdemeanor for any county treasurer or county clerk, or any of their deputies, etc., or any other person for them, to purchase, directly or indirectly, property sold for taxes at any tax sale, or to purchase any tax certificate or tax deed held by the county, except for and in behalf of the county; and it declares void any tax certificate or tax deed issued in violation of the act. *Held,*

    (1) That the act, being highly penal, must be *strictly construed.*

    (2) That it does not prohibit the county treasurer or his deputy from purchasing a tax certificate from any other party than the county, and having a deed issued to him thereon.

2. Where, therefore, plaintiff in ejectment, to impeach the validity of a tax deed under which defendant claimed, offered to show that the grantee named in such deed " was deputy treasurer at the time when he purchased the tax certificate on which the deed was issued, and also at the time when such deed was issued to him:" *Held,* that the evidence was properly rejected as immaterial.

APPEAL from the Circuit Court for *Oconto* County.

Action of ejectment. The answer set up as a defense, that the lands mentioned in the complaint were, on the 14th of May, 1861, duly sold by the county treasurer of Oconto county for nonpayment of taxes, and tax certificates duly issued; that a tax deed was duly issued Nov. 23, 1868, upon such certificates to one H. O. Fairchild, then owner and holder of the certificates, and on that day duly recorded; that at the time of issuing the tax deed the lands were and always previously had been wholly unoccupied; that since that time

Fairchild, and those claiming under him, had occupied the same by virtue of such deed, and that *Carter*, one of the defendants, claiming under such deed, has made valuable improvements ; and that over four years have elapsed since the execution and recording of said deed.

Upon the trial the plaintiff having proved his original title and rested, the defendants offered in evidence the tax deed to Fairchild, and a chain of conveyances therefrom to the defendants, proved the vacancy of the premises at the time the tax deed was issued, and their subsequent possession. The plaintiff then offered to prove, that at the time said deed was issued, H. O. Fairchild, the grantee therein, was deputy county treasurer of said county, duly appointed and actively employed as such, and that he purchased the certificates, while such deputy, in consequence of information he received in the county treasurer's office. Objection to this evidence was sustained.

Verdict for defendants, and from judgment thereon plaintiff appealed.

*W. H. Webster*, for appellant, argued that under ch. 276, Laws of 1864, the issue of the deed to Fairchild was prohibited, and the deed declared void; and being issued in violation of law, title under it could not be perfected by the running of the statute of limitations The deed was issued fraudulently and the statute of limitations does not apply. *McMahon v. McGraw*, 26 Wis., 614; *Chandler v. Moulton*, 33 Vt., 245 ; *Taylor v. Stringer*, 1 Grat., 158 ; *Corbin v. Beebee*, 36 Iowa, 336 ; *Pierce v. Benjamin*, 14 Pick., 356; *Perkins v. Thompson*, 3 N. H., 144; *Mills v. Goodsell*, 5 Conn., 475.

*Hastings & Green*, for the respondents, contended that the ruling was correct. The fact that Fairchild was deputy treasurer at the time he purchased the certificate, on which the deed issued, in no way affects its validity. The statute, Laws of 1864, ch., 276 ; 1 Tay. Stats., 337, sec. 229, does not prohibit a county treasurer or his deputies from purchasing tax certificates from other parties than the county. There is nothing in

the case showing that Fairchild purchased the certificate from the county, or that he purchased the property at any tax sale. Nor did the plaintiff offer to show that he did. The presumption is in favor of the judgment. *Cutler v. Hurlbut*, 29 Wis., 163; *Branger v. Buttrick*, 30 Wis., 665; *Hinckley v. Beckwith*, 23 id., 328. The evidence offered was immaterial, unless they also offered to show that Fairchild purchased from the county. *Conklin v. Hawthorn*, 29 Wis., 476; *Fenelon v. Hogoboom*, 31 id., 172; *Schmidt v. Pfeil*, 24 id., 452; *Van Armringe v. Barnett*, 8 Bosw., 358. The deed having been recorded more than three years, the plaintiff's right to attack *its validity* was barred. *Edgerton v. Bird*, 6 Wis., 527; *Sprecher v. Wakeley*, 11 id., 432; *Lindsay v. Fay*, 25 id., 460; *Harlan v. Peck*, 33 Cal., 515; *Holmes v. Beal*, 9 Cush., 223–227. The rule in *McMahon v. McGraw*, 26 Wis., 614, does not apply here. This is not a case of fraud in one occupying a fiduciary relation to the owner.

COLE, J. To defeat a recovery in the action the defendants offered in evidence the tax deed issued to H. O. Fairchild, November 23, 1868, referred to in the answer, and under which they claimed the premises in controversy. In order to impeach the validity of that deed, and to destroy the title therein granted, the plaintiff offered to show that the grantee, Fairchild, was deputy treasurer at the time he purchased the tax certificates upon which the tax deed was issued, and also that he was deputy treasurer when the tax deed was issued to him. This evidence was objected to and excluded by the court as incompetent and immaterial. The correctness of this ruling is the only matter we need consider; since it is manifest that if the proposed testimony was inadmissible, the tax deed afforded a perfect defense to the action.

It is claimed on the part of the plaintiff, that Fairchild was absolutely prohibited from purchasing the tax certificates and from taking the tax deed, by ch. 276, Laws of 1864 (Tay. Stats., 337–8, §§ 229–231), and that the tax deed was void.

That statute, in substance, enacts that it shall not be lawful for any county treasurer, or clerk of the county board of supervisors, or any of their deputies or clerks, or any other person for them, to purchase, directly or indirectly, property sold for taxes at any tax sale, or to purchase any tax certificate or tax deed held by the county, except for and on behalf of the county; and a violation of the provisions of the act is made a misdemeanor punishable by fine or imprisonment; and also any tax certificate or tax deed issued in violation of the act is declared null and void.

It is now claimed by the counsel for the defendants, that there is nothing in this enactment which prohibits a county treasurer or his deputy from purchasing a tax certificate from other parties than the county; and therefore, if Fairchild was deputy treasurer when he purchased the tax certificate on which the deed issued, and at the date of the deed, still that this in no way affected the validity of the deed, unless he purchased the land at the tax sale or purchased the certificate from the county. It seems to us that this construction of the statute is correct and must prevail.

The statute forbids the doing of two things: first, it prohibits the treasurer or his deputy from purchasing directly or indirectly property sold for taxes at any tax sale; second, it prohibits such officers from purchasing any tax certificate or tax deed *held by the county*, except, etc. It was not proposed to show that Fairchild was deputy treasurer when the land was sold for taxes in 1861, and then directly or indirectly purchased it at the tax sale; nor was it proposed to show that he purchased the certificates of the county while laboring under the disability. It will be seen that the prohibition in the latter clause is not general. It does not forbid the officer from purchasing a tax certificate or tax deed at all, from any person, but prohibits him from purchasing them from the county. It is said that the intention of the statute was to inhibit the purchase of this species of property by these officers, in order to

Coleman vs. Hart and others.

prevent all fraud or corruption growing out of the speculation in tax certificates by them. If this was really the intention and design of the legislature, why was not the prohibition made general, forbidding the purchase by those officers of a tax certificate or tax deed from any one, instead of restricting it to a purchase from the county? The statute is penal in its character, and it would be a violation of all rules of construction to enlarge its provisions as contended for by the counsel for the plaintiff. According to our view, the offer was not broad enough in regard to the grantee in the tax deed, in order to destroy the effect of that instrument. The plaintiff should have proposed to show that Fairchild was deputy treasurer, or other officer within the act, when the tax sale took place, and purchased the land at such sale; or that he purchased the tax certificates from the county while acting as deputy. This would have brought the deed within the provisions of the statute. As the offer was not broad enough to make the evidence material, the ruling of the court was correct. For aught it was proposed to prove, the grantee in the tax deed might have owned the tax certificates long before his appointment as deputy treasurer, or he might have bought them of some third person of whom he was at liberty to purchase.

We express no opinion upon the other questions discussed by counsel on the argument.

It results from these views that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.