SCHILLINGER, Administrator, Respondent, vs. TOWN OF VE-
RONA, Appellant.

*May 22 — June 11, 1897.*

*Defective highway: Injury to driver of runaway team.*

A town is not liable for injuries caused by a defective highway to
the driver of a runaway team, where at the time of the accident
the horses were more than momentarily beyond control, and their
fright had not been caused by any defect in the highway.

APPEAL from a judgment of the circuit court for Dane
county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

This is an action to recover for personal injuries alleged.
to have been suffered by reason of a defective highway in
the defendant town. The case has been twice before this
court upon previous appeals, and will be found in 85 Wis.
589, and in 88 Wis. 317. The circumstances of the accident
are quite fully stated in the report of the case upon the first
appeal, and it will not be necessary to repeat them here any
further than to say that the original plaintiff's claim is that,
while driving across a bridge spanning Sugar river in the
defendant town, his horses became frightened at a hole in
the floor of the bridge, and backed the buggy in which he
was riding off the bridge and down an unprotected embank-
ment which formed the north approach to the bridge. The
complaint charged the hole in the bridge and the absence of
the railing on the embankment to be defects in the high-
way by reason whereof the plaintiff was injured.

Upon the third trial the jury returned a special verdict,
whereby they found (1) that the plaintiff's horses were of
ordinary gentleness; (2) that the horses did not become
frightened at the hole in the floor of the bridge; (3) that
said hole was not naturally calculated to frighten horses of
ordinary gentleness, and (4) was not one of the direct causes
of plaintiff's injury; (5) that the hole had existed for such a

length of time, and under such conditions, that the officers of the town ought to have discovered and repaired it before the accident; (6) that the approach to the north end of the bridge, at the place where the plaintiff's buggy backed off, was in a condition of insufficiency and want of repair; (7) that such insufficiency and want of repair was not a direct cause of plaintiff's being tipped and thrown out of his buggy; (8) that the plaintiff's team became unmanageable before his buggy was backed off the approach; (9) that the said team were more than momentarily uncontrollable before the plaintiff was tipped and thrown out of his buggy; (10) that the town officers had actual notice of the insufficiency and want of repair of the approach before the time of the accident; (11) that such insufficiency and want of repair was one of the direct causes of plaintiff's being injured; (12) that the plaintiff was not guilty of contributory negligence; (13) that his damages were $2,000.

The defendant moved for judgment in the defendant's favor upon the verdict, which was overruled, and afterwards moved to set aside the verdict and for a new trial, which was also overruled, and upon motion judgment was rendered in favor of the plaintiff, from which judgment the defendant appealed.

Pending the hearing on this appeal the original plaintiff died, and the present plaintiff, his administrator, has been substituted as respondent in this action.

For the appellant there was a brief by *Olin & Butler*, attorneys, and *B. W. Jones*, of counsel, and oral argument by *Mr. H. L. Butler* and *Mr. Jones*. They argued, among other things, that the finding that the team were more than momentarily uncontrollable when the plaintiff was thrown out of the buggy was fatal to the plaintiff's right to recover and entitled the defendant to judgment upon the verdict. *Houfe v. Fulton*, 29 Wis. 296; *Jackson v. Bellevieu*, 30 id. 250; *Kel-*

Schillinger vs. Town of Verona.

ley v. Fond du Lac, 31 id. 179; Hawes v. Fox Lake, 33 id. 438; Olson v. Chippewa Falls, 71 id. 558; Hoyt v. Hudson, 41 id. 105; Roberts v. Wis. Tel. Co. 77 id. 589; Bishop v. Belle City St. R. Co. 92 id. 139; Schillinger v. Verona, 85 id. 589; Wright v. Templeton, 132 Mass. 49; Higgins v. Boston, 148 id. 484; Scannal v. Cambridge, 163 id. 91; Cleveland v. Bangor, 87 Me. 259; Spaulding v. Winslow, 74 id. 528; Aldrich v. Gorham, 77 id. 287; Lambeck v. G. R. & l. R. Co. 106 Mich. 512; Bleil v. Detroit St. R. Co. 98 id. 228; St. Clair Mineral Springs Co. v. St. Clair, 96 id. 463; Murphy v. M. C. R. Co. 65 N. W. Rep. 753; Beall v. Athens, 81 Mich. 536; Kingsley v. Bloomingdale, 67 N. W. Rep. 333; Farmers' H. L. C. & R. Co. v. Westlake, 23 Colo. 26; Smith v. County Court, 33 W. Va. 713; Schaeffer v. Jackson, 50 Pa. St. 145; Railway Co. v. Roberts, 56 Ark. 387; Teater v. Seattle, 10 Wash. 327; Yeaw v. Williams, 15 R. I. 20; Brown v. Glasgow, 57 Mo. 156, 158; 9 Am. & Eng. Ency. of Law, 387.

For the respondent there was a brief by La Follette, Harper, Roe & Zimmerman, and oral argument by G. E. Roe. They contended, inter alia, that where a highway is defective for the ordinary purposes of public travel, and such defect is one of the direct causes of an injury to a traveler on the highway, the town is liable, in the absence of contributory negligence, although another cause of such injury is the more than momentarily uncontrollable condition of the traveler's team. Ring v. Cohoes, 77 N. Y. 83; Ivory v. Deerpark, 116 id. 476; Crawfordsville v. Smith, 79 Ind. 308; Campbell v. Stillwater, 32 Minn. 308; Baldwin v. Greenwood Turnpike Co. 40 Conn. 238; Hull v. Kansas City, 54 Mo. 598; Winship v. Enfield, 42 N. H. 202; Templeton v. Montpelier, 56 Vt. 328; Yocum v. Trenton, 20 Mo. App. 489; Union St. R. Co. v. Stone, 54 Kan. 83; Hey v. Philadelphia, 81 Pa. St. 44; Lacon v. Page, 48 Ill. 499; Byerly v. Anamosa, 79 Iowa, 204; Augusta v. Hudson, 94 Ga. 135; Missouri P. R. Co. v.

*Hackett*, 54 Kan. 316; *Sherwood v. Hamilton*, 37 U. C. Q. B. 410; Jones, Neg. of Mun. Corp. § 196; Elliott, Roads & Streets, 448, 449; Beach, Contrib. Neg. § 245.

WINSLOW, J.  In this case we are clearly of opinion that judgment should have been ordered for the defendant upon the verdict.  By the verdict the jury found that the horses were not frightened at the hole in the bridge, but that the horses became unmanageable before the buggy was backed off the approach, and became more than momentarily uncontrollable before the plaintiff was tipped out of the buggy. The backing off from the approach and the tipping over of the buggy were practically simultaneous events, as shown by all the evidence on the subject.  The case, then, is this: A gentle horse becomes more than momentarily uncontrollable upon the highway.  His fright is not occasioned by any defect in the highway; and while in that condition he comes in contact with a defect in the highway, and his owner and driver suffers an injury.  Can there be a recovery for such injury against the town?

There is unquestionably a direct conflict in the decisions on this question.  The Massachusetts doctrine is that there can be no recovery under such circumstances.  *Higgins v. Boston*, 148 Mass. 484, and cases cited.  On the other hand, the New York doctrine seems to be that the town *may* be liable under such circumstances, provided the injury would not have been sustained but for the defect.  *Ring v. Cohoes*, 77 N. Y. 83.  There are, perhaps, a greater number of courts which follow the New York rule than the Massachusetts rule.  See Elliott, Roads & S. 448, 449, and notes; Beach, Contrib. Neg. (2d ed.), § 245.  We had supposed that there was no question but that this court had definitely adopted the Massachusetts rule.  The intimation to that effect contained in *Houfe v. Fulton*, 29 Wis. 296, was followed by the direct adjudication of the principle in *Jackson v. Bellevieu*,

30 Wis. 250, which case has never been overruled, but has, on the contrary, been cited with approval in a number of cases since that time, the last one being the case of *Bishop v. Belle City St. R. Co.* 92 Wis. 139, where the rule is expressly stated and the authorities cited. It was impliedly, if not expressly, recognized in the opinion of the court upon the first appeal in the present case. 85 Wis. 599. We regard the principle as so firmly fixed in the jurisprudence of the state as not to admit of change, even were we disposed to regard it as in any respect undesirable as an original proposition.

The fact being found, without error, that the horse was in effect a runaway horse at the time of the accident, and that his fright was not occasioned by any defect in the highway, the town was entitled to judgment upon the verdict.

*By the Court.*— Judgment reversed, and action remanded with directions to enter judgment for the defendant.

Authorities as to the effect of fright of a horse on the right to recover for injuries from a defective highway are collected in a note to *Schaeffer v. Jackson Township* (150 Pa. St. 145), in 18 L. R. A. 100.— REP.