Cook and another, Respondents, vs. The Minneapolis, St. Paul & Sault Ste. Marie Railway Company, Appellant.

*February 9 — March 22, 1898.*

(1) *Railroads: Fire set by locomotive: Junction with other fire: Proximate cause.* (2) *Failure to fence: Killing of animals on track.* (3) *Appeal: Printing: Costs.*

1. A fire started by defendant's negligence, after spreading one mile and a quarter to the northeast, near plaintiffs' property, met a fire having no responsible origin, coming from the northwest. After

Cook and another vs. Minneapolis, St. Paul & Sault Ste. Marie R. Co.

the union, fire swept on from the northwest to and into plaintiffs' property, causing its destruction. Either fire, if the other had not existed, would have reached the property and caused its destruction at the same time. *Held:*

(1) That the rule of liability in case of joint wrongdoers does not apply.

(2) That the independent fire from the northwest became a superseding cause, so that the destruction of the property could not, with reasonable certainty, be attributed in whole or in part to the fire having a responsible origin; that the chain of responsible causation was so broken by the fire from the northwest that the negligent fire, if it reached the property at all, was a remote and not the proximate cause of the loss.

2. After the fire swept everything of a combustible character clean, on both sides of defendant's right of way, plaintiffs' horses, that were running at large, went upon the railway track and were killed by a passing train without negligence on the part of the train men. The right of way had never been fenced as required by law. *Held:*

(1) That the rule of absolute liability, under the statute requiring railway companies to fence their tracks, applies only where the loss is produced, in whole or in part, by reason of the failure to fence.

(2) That in the circumstances stated the chain of causation reaching from the failure to fence was broken by the fire that would unquestionably have destroyed the fence if it had existed, so that the failure to fence cannot be said to have contributed to the entry of the horses upon the railway track.

The rules require the printing of a case by the appellant, and one brief on each side, on appeal to this court; they also permit a reply on each side. Costs as of right, for printing, are limited to such as is reasonably necessary or permitted under the rules.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Marinette county: S. D. HASTINGS, JR., Circuit Judge. *Reversed.*

The complaint sets forth four causes of action at law:

(1) For compensation for the destruction by a fire on the 20th day of May, 1893, of a lumber camp, several buildings, the camp equipage for a large number of men, some lumber, and a quantity of posts, poles, ties, slabs, and other

Cook and another vs. Minneapolis, St. Paul & Sault Ste. Marie R. Co.

personal property at Corliss, Wis., of the alleged value of $58,820.79, upon the ground that a fire was started at a point on defendant's right of way about a mile and a quarter southwest of such property by the escape of cinders from one of defendant's engines to dry, combustible material negligently left on its right of way, which fire spread to such property and did the mischief complained of.

(2) To recover for the loss of two horses of the value of $500, killed May 20, 1893, by one of defendant's engines on its right of way, where such horses strayed because defendant failed to fence such right of way as required by law.

(3) To recover compensation for the loss of one horse of the alleged value of $225, killed by one of defendant's engines on its right of way, on the 13th day of March, 1892, where it strayed because defendant failed to fence such right of way as required by law.

(4) To recover compensation for the loss of a cow of the alleged value of $50, killed the 27th day of August, 1892, by one of defendant's engines on its right of way, where it strayed because defendant failed to fence such right of way as required by law.

The judgment prayed for was $60,825, with costs.

The answer put in issue the origin of the fire alleged to have destroyed the property mentioned in the first cause of action, the value of such property, and also all other disputed matters covered by the verdict, hereafter mentioned. On the trial facts were admitted entitling plaintiff to recover on the third and fourth causes of action, and there was no controversy upon the evidence but that the horses mentioned in the second cause of action were killed by one of defendant's engines as alleged, and that defendant failed to comply with the laws of this state in respect to fencing its right of way. The circumstances leading up to the entry of the horses upon the right of way were that, because of danger of the destruction of the stables where the horses

were located on the 20th day of May, 1893, they were turned
loose and driven towards a place of safety away from the
defendant's track; that later in the day and after the fire had
swept over the country up to the right of way, the horses re-
turned to the vicinity of their stables and in doing so went
upon the defendant's track and were killed by a passing en-
gine, which was going very slowly on account of existing con-
ditions in regard to smoke and recent burning.

As to the origin of the fire which destroyed the plaintiff's
property, there was evidence tending to show that, about
9 o'clock on the morning of the 20th of May, 1893, a fire
was started in some way by a passing engine, in combusti-
ble material on the defendant's right of way near Boom Hill,
a mile and a quarter southwest of Corliss, where plaintiffs'
property was located; that the wind at that time was blow-
ing from the south and southwest; that the fire spread for a
time in a northerly and northeasterly direction, carried by
the wind blowing from the south and southwest; that to-
wards noon the wind changed to the west; that between 12
and 1 o'clock the wind changed so as to blow from a north-
westerly direction, and increased to a gale; that at the time
the fire was spreading north from Boom Hill as stated
there was a fire some distance northwest of plaintiffs' prop-
erty, which, as the wind changed to the west and north-
west and increased to a gale, was carried southeasterly and
easterly to the vicinity of such property, so as to meet the
line of fire from the southwest before that reached said
property; thereafter and about 1 o'clock, carried by the
strong gale of wind aforesaid, fire swept down from the west
and northwest, to and into said property, and caused the
destruction complained of.

The court instructed the jury in substance, among other
things, that if they found that the fire set by the defend-
ant's engine was attributable to its negligence, and was the
sole cause of the destruction of plaintiffs' property, they

were entitled to recover the entire damage they thereby sustained; that if the jury found that the negligence of the defendant contributed to produce the fire which caused the damage, and that there were other fires which also contributed to the loss, and they could figure out what amount of such damage resulted from the fire originated from such negligence, they might do so.

The jury rendered a special verdict in substance as follows:

(1) The defendant's engine No. 403 set fire on its right of way at a place called Boom Hill, on the morning of May 20, 1893.

(2) The fire spread to plaintiffs' cedar yard and camp at Corliss, and set fire to the same.

(3) There was another fire which came from the northwest at the same time and was driven into the plaintiffs' yard and camps and set fire to the same.

(4) The fire which came from the northwest united with the fire set by defendant's engine before reaching the cedar yard.

(5) Defendant's engine was properly constructed and equipped to prevent the escape of sparks and cinders, and it was in good condition and properly managed.

(6) Defendant was guilty of negligence on account of the condition of its right of way where the fire started, which caused, or contributed to, the starting of the fire.

(7) There was a want of ordinary care on the part of the defendant, which caused the fire to start on its right of way.

(8) Such want of ordinary care consisted in not keeping the right of way reasonably clear of combustible material.

(9) Plaintiffs' damage, caused by the fire started by defendant's negligence, we assess at fifty per cent. of their claim, less the insurance, amounting to $26,182.93.

Defendant's counsel made several motions to correct the verdict and for judgment thereon; also a motion for judg-

ment on the verdict and the evidence, dismissing the com-
plaint as to the first cause of action, also as to the second
cause of action; also a motion, in effect, for such judgment
in its favor as the court might decide it was entitled to on
the verdict; also for an order setting aside the verdict as
contrary to the evidence and for other reasons, and granting
a new trial.   All of such motions were denied and due ex-
ceptions to the denials taken.   Plaintiffs' counsel moved on
the verdict for such judgment as the court might decide they
were entitled to.   On such motion the court construed the
verdict of the jury as apportioning the fire loss equally be-
tween the fire originated by the defendant and the fire that
came from the northwest, which was of unknown origin, upon
the theory that, as the fires united and entered the yard to-
gether, only half of the loss was attributable to the negli-
gence of the defendant.   As a matter of law the court held
that as defendant's negligence in starting the Boom Hill fire
contributed to produce the loss, it was responsible for the
entire damage, measured by the reasonable value of the prop-
erty destroyed, and legal interest thereon from the date of
the fire.   Thereupon judgment was ordered for the entire
value of the property destroyed, less the insurance received,
such value on the verdict, under the charge, being computed
by the court at $55,865.87, and the insurance $1,750.  Judg-
ment was also ordered for the value of the two horses men-
tioned in the second cause of action as found by the jury,
with interest from the time they were killed, and for the
undisputed value of the horse and cow mentioned in the
third and fourth causes of action, with interest from the time
they were killed, amounting in all to the sum of $59,584.36.
Due exception was taken to the order.   Judgment was en-
tered in accordance with such order, from which this appeal
was taken.

For the appellant there were briefs by *Alfred H. Bright,*
attorney, and *Greene, Vroman & Fairchild,* of counsel, a

Cook and another vs. Minneapolis, St. Paul & Sault Ste. Marie R. Co.

brief signed by *H. O. Fairchild*, and a brief by *Geo. G. Greene;* and the cause was argued orally by *Mr. Bright* and *Mr. Fairchild.* They argued, among other things, that while each of several concurring wrongs, in legal effect, may become identified with every other so that all are considered one wrong because all are wrong, and so that the result is, in the law, considered due to one tortious cause although it is composed of several tortious acts, it is absurd to apply the same rule or the same reason to the concurrence of a wrongful act with innocent causes, ranging from the sudden illness or fright of a horse to the irresistible forces of nature, or to the act of God. The true doctrine in such cases is that mere contribution is not the foundation for the legal action; but the negligence of the defendant must be present as a necessary condition of the loss or injury. It must be that cause without which the injury would not have resulted. *Hooksett v. Amoskeag Mfg. Co.* 44 N. H. 105; *Lord Bailiffs v. Trinity House Corp.* L. R. 5 Exch. 205; 7 id. 247; 2 Thomp. Neg. 1063; *Salisbury v. Herschenroder*, 106 Mass. 458; *Dickinson v. Boyle*, 17 Pick. 78; *Woodward v. Aborn*, 35 Me. 271; *Pittsburgh v. Grier*, 22 Pa. St. 54; *Scott v. Hunter*, 46 id. 192. Whenever an act due to negligence concurs with other causes which are innocent or not due to negligence, and a loss or an injury results, the defendant may be held liable notwithstanding the concurrence of such other causes, *provided* the facts would warrant a jury in finding that the loss or injury would not have resulted but for the negligent act of the defendant. 4 Am. & Eng. Ency. of Law, 41; 16 id. 441; *Dreher v. Fitchburg*, 22 Wis. 675; *Houfe v. Fulton*, 29 id. 296; *Ring v. Cohoes*, 77 N. Y. 83, and cases cited; *Ayres v. Hammondsport*, 130 id. 665; *Gage v. P., O. & N. R. Co.* 105 Mich. 335; *Ouverson v. Grafton*, 5 N. Dak. 281; *Campbell v. Stillwater*, 32 Minn. 308; *Baltimore & O. R. Co. v. Sulphur Springs Independent Sch. Dist.* 96 Pa. St. 65, 2 Am. & Eng. R. Cas. 166; *Perley v. Eastern R. Co.* 98 Mass. 414; *Ilfrey*

*v. S. & E. T. R. Co.* 76 Tex. 63; *Oliver v. La Valle,* 36 Wis. 592; *Stacy v. Knickerbocker Ice Co.* 84 id. 614; *Postal Tel. Co. v. Zopfi,* 93 Tenn. 369; *Board of Comm'rs of Parke Co. v. Sappenfield,* 6 Ind. App. 577; *Union St. R. Co. v. Stone,* 54 Kan. 83; *Sowles v. Moore,* 65 Vt. 322; *Joliet v. Verley,* 35 Ill. 58; *Palmer v. Andover,* 2 Cush. 600; *Bloomington v. Bay,* 42 Ill. 503, 510; *Lacon v. Page,* 48 id. 499; *Carterville v. Cook,* 129 id. 152, 155; *Briggs v. Minneapolis St. R. Co.* 52 Minn. 36; *Taylor v. Yonkers,* 105 N. Y. 202; *Kaveny v. Troy,* 108 id. 571. It is not clear that the jury has not found that the destruction of plaintiffs' property would not have occurred but for the fire on the Boom Hill, but also that the evidence is conclusive the other way. There was a superior, predominating cause which was innocent, by which the destruction was then and there inevitable without regard to the passing engine or the condition of the right of way, and this was the proximate cause and the defendant was not liable. *Insurance Co. v. Transp. Co.* 12 Wall. 197; Shearm. & Redf. Neg. (4th ed.), § 39; and the cases cited above.

For the respondents there was a brief by *Webster & Classon,* and oral argument by *W. H. Webster.* They contended, *inter alia,* that having found an efficient producing cause for the destruction of the yard, set in motion by the defendant and continued in unbroken progress until the injury was accomplished, it was enough to charge the defendant with liability for the loss. *Milwaukee & St. P. R. Co. v. Kellogg,* 94 U. S. 469, 475; *Kalckhoff v. Zoehrlaut,* 43 Wis. 374; *Hepler v. State,* 58 id. 46; *Murphy v. Martin,* id. 276; *Stewart v. Ripon,* 38 id. 584; *Chicago & E. R. Co. v. Luddington,* 10 Ind. App. 636; *Chicago & E. R. Co. v. Bailey* (Ind. App.), 46 N. E. Rep. 688. If the verdict establishes that the northwest fire and the fire due to defendant's negligence joined, entered, and together destroyed the plaintiffs' yard and camps, defendant's liability is the same as though the fire due to its negligence was the sole cause of the destruction

of the property, whether the northwest fire was tortious or
not, the reason of the rule that makes the tortfeasor, in such
a case, liable as though his wrongful act caused the entire
damage·being that the damage cannot be apportioned and
the innocent loser shall not, because he cannot apportion
them, be deprived of his remedy and the wrongdoer go free.
*Slater v. Mersereau,* 64 N. Y. 138; *Westfield G. & M. Co. v.
Abernathy,* 8 Ind. App. 73; *Boston & A. R. Co. v. Shanly,*
107 Mass. 568; *Churchill v. Holt,* 131 id. 67, 41 Am. Rep.
191; *Stone v. Dickinson,* 5 Allen, 29, 81 Am. Dec. 727, 7
Allen, 26; *Matthews v. D., L. & W. R. Co.* 56 N. J. Law, 34,
22 L. R. A. 261; *Ellis v. Howard,* 17 Vt. 330; *South Bend
Mfg. Co. v. Liphart,* 12 Ind. App. 185; *Valparaiso v. Moffitt,*
id. 250; *Kansas City, Ft. S. & M. R. Co. v. Stoner,* 10 U. S.
App. 209, 51 Fed. Rep. 649; *The Atlas,* 93 U. S. 302; *Sturgis v. Boyer,* 24 How. 122; *The Beaconsfield,* 158 U. S. 303;
*Folsom v. Apple River L. D. Co.* 41 Wis. 602; *State ex rel.
Reynolds v. Babcock,* 42 id. 138; *Washington & G. R. Co. v.
Hickey,* 166 U. S. 521; Bishop, Non-Contract Law, §§ 39,
518; 16 Am. & Eng. Ency. of Law, 440; *Chicago, R. I. & P.
R. Co. v. Sutton,* 27 U. S. App. 310, 63 Fed. Rep. 394; *Selleck
v. Lake Shore & M. S. R. Co.* 93 Mich. 375, 18 L. R. A. 154;
*Dreher v. Fitchburg,* 22 Wis. 675, 99 Am. Dec. 91, and cases
cited; *Jones v. United States,* 48 Wis. 385; *Arimond v. Green
Bay & M. Canal Co.* 35 id. 41.   No wrongdoer ought to be
allowed to apportion his own wrong; and as a loss has actually happened while his own wrongful act was in force and
operation, he ought not to be permitted to set up as a defense that there was a more immediate 'cause of the loss.
To entitle such party to exemption, he must show, not only
that the same loss might have happened, but that it must
have happened if the act complained of had not been done.
*Selleck v. Lake Shore & M. S. R. Co.* 93 Mich. 375, 18 L. R.
A. 154; Cooley, Torts, 76, and note on p. 78; *Davis v. Garrett,* 6 Bing. 716; *Baltimore & P. R. Co. v. Reaney,* 42 Md.

Cook and another vs. Minneapolis, St. Paul & Sault Ste. Marie R. Co.

117; *Beauchamp v. Saginaw Mining Co.* 50 Mich. 172. The proposition that the plaintiffs, injured by the two concurring fires, cannot have a recovery against the tortious author of one of them, where he fails to show that the destruction of the property by the independent cause found by the jury, the northwest fire, was not, or where the defendant shows it was, inevitable if the fire had never been started on the right of way at all, is clearly unsound. *Boston & A. R. Co. v. Shanly,* 107 Mass. 568; *Churchill v. Holt,* 131 Mass. 67, 41 Am. Rep. 191; *Stone v. Dickinson,* 5 Allen, 29, 81 Am. Dec. 727, 7 Allen, 26; *Ellis v. Howard,* 17 Vt. 330; *Westfield G. & M. Co. v. Abernathy,* 8 Ind. App. 73; *Slater v. Mersereau,* 64 N. Y. 138. Defendant's contention is directly opposed by the doctrine that determines the liability of joint tortfeasors, acting independently. *McClellan v. St. P., M. & M. R. Co.* 58 Minn. 104; *Grand Trunk R. Co. v. Cummings,* 106 U. S. 700; *Stetler v. C. & N. W. R. Co.* 46 Wis. 497, 49 id. 609; *Haley v. Jump River Lumber Co.* 81 id. 412; *Atkinson v. Goodrich Transp. Co.* 60 id. 141, 50 Am. Rep. 352; *Folsom v. Apple River L. D. Co.* 41 Wis. 602; and *State ex rel. Reynolds v. Babcock,* 42 id. 138. Neither the main track or spur track at Corliss ever having been fenced, the liability of defendant for killing the horses May 20, 1893, was absolute. S. & B. Ann. Stats. sec. 1810; *Quackenbush v. W. & M. R. Co.* 62 Wis. 411, 71 id. 473; *St. Louis & S. F. R. Co. v. Mathews,* 165 U. S. 1.

MARSHALL, J. The foregoing brief statement is believed to present clearly the only questions necessary to be considered in determining this appeal. Numerous questions were suggested and errors assigned and exhaustively and ably discussed in the numerous briefs of eminent counsel who represent the parties in this court, most of which questions and alleged errors, in what is deemed to be an orderly consideration of the cause, are not necessarily reached in

Cook and another vs. Minneapolis, St. Paul & Sault Ste. Marie R. Co.

arriving at a final conclusion as to the rights of the parties. That will appear from what follows, and is the reason why such questions have not been considered or decided. No further proceedings in this case will involve them, and they are not of such a character that a decision of them would be important to trial courts in the future. This is said as to the greater part of the field covered by the case and briefs of counsel, not by way of criticism, for it is reasonable and commendable that, at least where so large a sum of money as the judgment here calls for is involved, all questions deemed by counsel in any way liable to affect the final result in any view of the case be suggested to the court; yet, where no trial follows the result here, the questions necessary to a determination of the appeal are all that it is profitable to discuss, unless others are of special importance as future guides.

The controlling question on the record, as we view it, is, What was the proper judgment on the first cause of action according to the undisputed facts and the facts found by the jury? The respondents stand on the findings of the jury as verities, and must prevail, if at all, on the case as thus determined. On the various motions made by the parties the court was called upon, if the verdict stood the test of the motion to set it aside as contrary to the evidence and for other reasons, to order judgment for appellant or respondents, according to the determination reached on the questions of law which they presented. Such questions were determined in respondents' favor. The principles they involved will clearly appear to be of far-reaching importance by a brief reference to the facts.

The jury found that the southwest fire, alleged to have been caused by defendant's negligence, and to have originated about one mile and a quarter southwest of the property destroyed, did not reach such property so as to affect it as an independent agency; that another fire came from the

northwest, and so united with the other that the identity of both as independent agencies was lost before any fire reached such property; that when the northwest fire reached the line of the southwest fire, so there was in fact but one fire, it swept on into the yard, and set plaintiffs' property on fire and destroyed it. While the jury found that both fires caused the burning, as they said that but one fire entered the yard and that swept into it from the northwest, the direction from which the independent fire of unknown origin came, it is hard to perceive how the fact can be that the southwest fire, as an efficient agent, ever reached the scene of the destruction. But, looking at the verdict in the most favorable view for the respondents, and giving it the most favorable construction it will reasonably bear, it is to the effect that the damage was done solely by one fire; that such fire was made up of two independent fires which united before the property was reached, one for which defendant was responsible, and the other having no known responsible origin, so that if the responsible agent had not existed at all the loss would have been the same in all respects, as to time, manner, and extent. We are strongly persuaded from the evidence that the finding of the jury that the southwest fire, as an efficient agent, reached the plaintiffs' property, either by union with the northwest fire or otherwise, is contrary to undisputed facts and all reasonable probabilities; but that is one of the questions not necessary to decide, if, taking the verdict as it stands, defendant is not liable.

That we correctly construe the verdict of the jury cannot be reasonably questioned. The trial judge, in a very elaborate opinion, delivered in disposing of the motions for judgment, gave it the same construction. He said: "Each fire reached the yard only as part of one common fire, and either in the absence of the other would have reached and fired the yard the same as the joint fire did. In that sense both reached the yard at the same time, although they united

some distance away from it. Under the law governing the case it is immaterial how far away they united." And again: " We reach the conclusion that neither was the proximate cause of the injury, because the event would have occurred without either cause,— the other cause existed,— each was concededly a cause sufficient to produce the injury. The injury was produced by the concurrent action of both, but neither was the proximate cause, because the other, without it, would have produced the same result." The logic of the learned circuit judge, as to the proximate cause, would hardly bear the test of careful analysis. It may be, to take his language literally would not convey the real meaning intended. Where two causes concur in producing a certain result, either of which would produce the same result regardless of the other, it is not an accurate statement of the situation to say that neither is the proximate cause of such result, using the term as we apprehend the learned judge did, as descriptive of the antecedent or producing cause, and not in the strict legal sense of a cause referable to human agency on a line of responsible causation. In the mere physical sense of producing antecedent, it is more proper to say that, in the circumstances suggested, neither fire was the sole proximate cause of the loss.

From what has preceded it is apparent that the legal question presented to the trial court and decided in plaintiffs' favor, in granting their motion for judgment and denying that of the defendant, is the following: Where two independent efficient causes unite and produce an injury to another, one of which is traceable to a responsible person whose negligence set it in motion under such circumstances that he is chargeable with knowledge that it might cause an injury to another as a natural and probable result of his conduct, and the other cause is not traceable. to any known responsible agent, each of which causes, however, without the concurrence of the other would produce the same injury,

that is, so that the injury would happen at the same time
and to the same extent regardless of the responsible agency,
does a cause of action against such agency accrue to the in-
jured person for his loss? It is believed that the solution of
that question is governed by principles as old as the common
law,— principles so long and firmly established, and uni-
versally recognized by all text writers and courts, that were
it not for the learned discussion of the subject by the trial
court, leading up to the conclusion which eventuated in the
judgment appealed from, and the later learned discussion by
counsel in this court to support the conclusion thus reached,
the decision here would be supported by a mere statement
of the law without extended discussion or citation of author-
ities; but such circumstances seem to furnish excuse, at least,
for a somewhat different course.

It seems to have been conceded on the trial below, at one
stage of the proceedings, that unless the alleged negligent
fire was the sole cause of the loss complained of, there could
be no recovery therefor. Later, in the submission of the
case to the jury, it appears to have been uncertain in the
judicial mind, whether, if the defendant was liable at all,
the liability extended to the entire loss, or only to a portion
of it, on the theory that there might be an apportionment
of the loss between the concurring causes. But it was
finally determined that the person charged, known to have
negligently originated one of the causes, was, as a matter of
law, liable for the entire loss, though it would have hap-
pened just the same from the other efficient cause of un-
known origin. To support that theory numerous cases are
cited to the effect that when two or more concurring causes
produce a loss, each having a responsible source, there is a
joint and several liability for the entire loss. That is a doc-
trine too familiar to require more than to be stated. When
the facts are such as to invoke its application, it extends to
where each of the concurring causes contributes to produce

Cook and another vs. Minneapolis, St. Paul & Sault Ste. Marie R. Co.

the result and is necessary to it, and where each is sufficient of itself to produce the result and would, in the given case, have that effect regardless of the other, and whether the concurrence of the causes be intentional or accidental.

In *Haley v. Jump River Lumber Co.* 81 Wis. 412, a person, on one theory of the case, was injured by negligence of a co-employee in loading a car, concurring with negligence of the defendant in leaving an obstruction in dangerous proximity to the track. Under such circumstances the court said that each was liable for the injury. In the same line is *Atkinson v. Goodrich Transp. Co.* 60 Wis. 141, where negligence of a mill owner in allowing shavings and sawdust to accumulate between his mill and a dock, concurred with negligence of the defendant in allowing sparks to be emitted from the smokestack of its boat, whereby a fire was set which spread to plaintiff's property and destroyed it. The court held the defendant liable, and Mr. Justice TAYLOR, who wrote the opinion, cited in support of it, among numerous authorities, the elementary rule laid down in Wharton on Negligence at § 144, in substance as follows: The fact that one responsible person contributes, either before the interposition of another or concurrently with such interposition, in producing the damage, is no defense as to either. If A. negligently leaves certain articles in a particular place, and B. negligently meddles with them, supposing B.'s negligence to be made out and he is a responsible party under the limitation expressed, he cannot set up A.'s prior negligence as a defense. Another example is *Johnson v. N. W. Tel. Exch. Co.* 48 Minn. 433, where a weak telephone pole was negligently left in place by the company. For a limited time an adjoining lot-owner allowed the company to reinforce the ability of the pole to stand by guying it to his building with a wire. After a reasonable time had elapsed in which to replace the defective pole with a suitable one, the property owner cut the guy wire and the result was

that the pole fell and injured the plaintiff. On one theory of the case the property owner and the telephone company were both negligent, and without the concurring negligence the injury would not have happened. Under these circumstances the court said that each was liable for the whole loss.

On another branch of the rule mentioned, as an example of numerous authorities that might be cited, is *Gould v. Schermer*, 101 Iowa, 582, where, on one theory of the case, defendant's negligence concurred with some other cause, not attributable to any responsible human agency, to produce the injury, and the court said, in effect, that the defendant's wrong, concurring with the other cause, and both operating proximately at the same time in producing the injury, makes the wrongdoer liable therefor. That was on the theory that the accident would not have occurred but for the negligent act.

On another branch of the rule stated may be cited *Slater v. Mersereau*, 64 N. Y. 138, where there were two efficient proximate causes, each traceable to the negligence of a responsible party, either of which would have caused the entire injury regardless of the existence of the other, and the court, by MILLER, J., said in substance: It is no defense for a person against whom negligence which causes damage is established, to prove that without fault on his part the same damage would have resulted from the negligent act of the other, but each is responsible for the entire damage.

Further citation of authority along this line is deemed unnecessary. It will be easily observed that they refer, first, to cases where there was a concurrence of responsible human agencies, both of which were essential to the result; second, to cases where there was a concurrence of responsible human agencies, either of which would have effected the result regardless of the other; third, to cases where there was a concurrence of a responsible human agency and some other cause, and the former was an efficient contributing cause

Cook and another vs. Minneapolis, St. Paul & Sault Ste. Marie R. Co.

and essential to the result. All of the numerous cases cited by respondents' counsel, and those cited by the learned circuit judge, fall within one or the other of the situations mentioned, as, for example, *McClellan v. St. P., M. & M. R. Co.* 58 Minn. 104, much relied on to support the judgment, where the recovery was solely on the ground that, though there was proof of two fires, the finding of the jury was that the fire negligently originated by defendant was the one that reached the plaintiffs' property and the sole cause of its destruction. In discussing an assignment of error on the charge given by the trial court, the judge who delivered the opinion said: "If two fires have been set, the origin of one or both of which can be traced to the negligence of a party or parties, either or both of the parties can be held responsible for the resulting damages, in case the fires mingle." That language was wholly unnecessary to a decision of the case, as no such situation was presented, and, unless read in the light of well-understood legal principles and the circumstances which were evidently in the judicial mind, it would be very liable to mislead. In the view that the judge was speaking of the existence and concurrence of two fires, both attributable to the negligence of responsible agencies, so as to bring the case within the rule of joint wrongdoers, the language ceases to have any significance in support of the theory upon which this judgment was rendered and must stand, if at all. That the rule of joint tortfeasors was what the court referred to, is plain from what was subsequently said by way of illustration, to the effect that, where the injury is the result of two concurrent causes, one party is not exempt from full liability *although another is equally culpable.* To say that the learned court intended to extend that rule to cases where the act of the wrongdoer concurs with some unknown cause not attributable to any responsible human agency, and causes damage, thereby rendering the legal consequences to the wrongdoer the same as in the case of joint

wrongdoers, whether his act was essential to the result or not, would be a conclusion not warranted by a careful reading of the whole opinion, and inconsistent with the settled rule of law on the subject, recognized by that court and all others, as we shall see later.

What has been said above applies to *Grand Trunk R. Co. v. Cummings*, 106 U. S. 700; *Stone v. Dickinson*, 5 Allen, 29; *S. C.* 7 Allen, 26; *Stetler v. C. & N. W. R. Co.* 46 Wis. 497; and the numerous other cases cited by respondents. All are cases of joint tortfeasors, or cases where the injury would not have happened but for the negligence complained of. They do not touch the real question we are called upon to decide. What is the situation of the wrongdoer where the injury would have taken place, necessarily, from another cause, at the same time and to the same extent, regardless of his conduct? That is the question presented. The discussion thus far has proceeded on a line merely to clearly bring out and recognize the well-known principles of law for which respondents contend and which ruled the trial court, and show their inapplicability to the facts found by the jury.

The law of negligence is laid on reasonable lines the same as any other branch of jurisprudence. The theory upon which compensation goes to an injured person from another whose negligence proximately caused the injury, is not that of punishment for the wrong, but that, in justice to such person, compensation is due for the damages caused to him by such negligence, so far as the same can be reasonably ascertained. Where the wrong of one person concurs with that of another under such circumstances that the injury would not result without the concurrence, it is reasonable to hold each liable for the entire loss, because the same would not have occurred if the negligence of either were absent. Notwithstanding the concurrence of the two causes, each, in a sense, under such circumstances, is the proximate cause of the loss, because there is responsible human causation back

of it, without which the injury would not have happened. Again, where two causes, each attributable to the negligence of a responsible person, concur in producing an injury to another, either of which causes would produce it regardless of the other, it is reasonable to say that there is a joint and several liability, because, whether the concurrence be intentional, actual or constructive, each wrongdoer, in effect, adopts the conduct of his co-actor, and for the further reason that it is impossible to apportion the damage or to say that either perpetrated any distinct injury that can be separated from the whole. The whole loss must necessarily be considered and treated as an entirety. But where a cause set in motion by negligence reaches to the result complained of in a line of responsible causation, and another cause, having no responsible origin, reaches it at the same time, so that what then takes place would happen as the effect of either cause, entirely regardless of the other, then the consequence cannot be said, with any degree of certainty, to relate to negligence as its antecedent; requisite intelligent causation necessary to legal liability is wanting, leaving no ground, in reason or in law, for it to rest upon.

To further illustrate: If an injury accrues to a person from inability to control his team, where that is more than momentary, concurring with a defect in the highway, and the injury would not otherwise happen, the mere concurrence of negligence of the municipality responsible for the defect will not render the corporation liable, because the condition of the team is deemed to be the real producing cause. *Jackson v. Bellevieu,* 30 Wis. 250; *Houfe v. Fulton,* 29 Wis. 296; *Schillinger v. Verona,* 96 Wis. 456; *Loberg v. Amherst,* 87 Wis. 634; *McFarlane v. Sullivan,* 99 Wis. ——; *Scannal v. Cambridge,* 163 Mass. 91; *Babson v. Rockport,* 101 Mass. 93; *Palmer v. Andover,* 2 Cush. 600.

Applying the same doctrine in *Campbell v. Stillwater,* 32 Minn. 308, the court held that where several concurring acts

or conditions of things, one of them a wrongful act or omission of some person, under such circumstances that such person might reasonably have anticipated such an injury as the natural and probable result of his act or omission, he is liable, provided the injury would not have occurred without it. The general rule, so recognized and applied by that court, was stated by the judge who wrote the opinion, thus: "In case of tort, the rule as to the proximate cause is, that where several acts or conditions of things produce an injury, if one is the wrongful act or omission of the defendant *and it would not have occurred without his act,* and he might reasonably have anticipated the result as a natural consequence of such act, that is the proximate cause of the result." That is quite inconsistent with the construction of the opinion of the same court in *McClellan v. St. P., M. & M. R. Co.* 58 Minn. 104, confidently pressed upon our attention, but accords with the construction which we have given to it and which was clearly what the court intended, though, as before indicated, language was used that might lead to a different conclusion unless viewed in the light of settled legal principles. It may safely be said that the rule stated in *Campbell v. Stillwater,* 32 Minn. 308, applies in all cases where negligence of a party concurs with some other cause not traceable to a responsible source. 16 Am. & Eng. Ency. of Law, 441, and notes; 2 Thomp. Neg. 1085; Shearm. & Redf. Neg. § 33; Whittaker's Smith, Neg. (2d Am. ed.), 44; *Ring v. Cohoes,* 77 N. Y. 83; *Ayres v. Hammondsport,* 130 N. Y. 665; *Ilfrey v. S. & E. T. R. Co.* 76 Tex. 63; *Union St. R. Co. v. Stone,* 54 Kan. 83; *Carterville v. Cook,* 129 Ill. 152.

The logical deduction from the foregoing is that where an injury accrues to a person, by the concurrence of two causes, one traceable to another person under such circumstances as to render him liable as a wrongdoer, and the other not traceable to any responsible origin, but of such efficient or superior force that it would produce the injury regardless of

the responsible cause, there is no legal liability. No damage in such circumstances can be traced, with reasonable certainty, to wrongdoing as a producing cause. The one traceable to the wrongdoer is superseded by the other cause or condition, which takes the place of it and becomes, in a physical sense, the proximate antecedent of what follows.

From the foregoing the conclusion is easily reached that the defendant in this case is not liable for the fire loss from the facts found by the jury. Its negligence, even if operating up to about the instant the fire entered the plaintiffs' property, was there superseded by the independent northwest fire. Whether it can be said that after the two fires became one the element attributable to the defendant continued, though its identity was lost in the combination and it was superseded by the fire that swept down upon the property from the northwest, it cannot be said that the result which followed would not have occurred but for such responsible element. On the contrary it stands as a verity in the case that it would have occurred just the same, regardless of the negligent fire.

It is proper to say that the learned counsel for the plaintiffs tried the case and asked its submission to the jury with a very clear conception of the legal principles governing it, in perfect accord with the conclusion which we have reached. They did not seek or expect to recover upon any other theory than that the destruction of plaintiffs' property was caused by the southwest fire, and that it would not otherwise have occurred at that time. One of the counsel said, in substance, during a colloquy between him and the court, when the questions for submission to the jury were being settled: We must stand or fall on the theory that the southwest fire spread to plaintiffs' property and destroyed it, and that no fire came from the northwest and reached the property; that if the whole loss can as well be attributed to the northwest fire as to the southwest fire, no assessment of

damages can be made against the defendant. The whole difficulty arose when, after the verdict was rendered, the doctrine of the liability of joint wrongdoers, or of a wrongdoer when his act, concurring with some other cause or condition having no responsible origin, produces an injury which would not otherwise occur, was applied to the verdict, unmindful, apparently, that such verdict did not present facts warranting such application, but on the contrary presented facts which brought the case within a different rule in the law of negligence.

There is left the claim for the two horses, killed on the day of the fire by straying upon the right of way and being run down by one of defendant's engines. It is not claimed that there was any negligence of the employees in charge of the train that killed the horses. The right of recovery is based solely upon the fact that defendant failed to perform its duty in respect to fencing the right of way. The statute on the subject (sec. 1810, R. S. 1878) requires railroad corporations to fence their tracks, and provides that until such duty is performed, every such corporation, and every railroad corporation owning any such road, shall be liable for all damage done to cattle, horses, or other domestic animals, *occasioned in any manner, in whole or in part, by the want of such fence.* If the horses, therefore, entered upon the right of way because of the failure of the defendant to comply with the statute, then the rule of absolute liability attached. *Quackenbush v. W. & M. R. Co.* 62 Wis. 411. There is no finding on the question of whether the entry of the horses on the right of way is attributable in whole or in part to the failure to fence it. It must be conceded that, had there been a fence, it would necessarily have been destroyed by the fire that occurred two or three hours before the horses were killed. The evidence all points that way. They were turned out of their stable and left to run at large to preserve them from the fire that destroyed substantially

everything of a combustible character on both sides of the railway track in the vicinity of the place where they entered upon the right of way.

The statute is in derogation of the common law. It is a penal statute. The validity of it rests wholly upon the police powers of the government, and it should be construed with reasonable strictness so as not to go beyond its plain letter and spirit. That is a general rule of construction applicable to all statutes of its class. *Stone v. Lannon,* 6 Wis. 497; *Coleman v. Hart,* 37 Wis. 180; *State v. Huck,* 29 Wis. 202; *Crumbly v. Bardon,* 70 Wis. 385. Looking at the language in the light of such rule, it must be held that the circumstances of the horses going upon the track must have some causal connection with the failure to fence, not the mere nonexistence of a fence at the time of the entry, or there is no liability because of the failure to fence. If the failure to fence did not reach to such entry because of the intervention of some other cause or condition, the statutory rule of absolute liability does not apply. That has been held in cases where horses were abandoned under such circumstances that it was certain they would go upon the right of way where they would be liable to be killed. *Corwin v. N. Y. & E. R. Co.* 13 N. Y. 42; *Missouri Pacific R. Co. v. Roads,* 23 Am. & Eng. R. Cas. 167; *Welty v. I. & V. R. Co.* 105 Ind. 55. In such circumstances it was held that the owner of the horses consented to their destruction; that his conduct was not mere contributory negligence, which would not be a defense under the statute, but was the sole proximate cause.

That the law-makers intended that the failure to fence should be at least a contributing cause to the entry of domestic animals upon the railway right of way in order to make the rule of absolute liability applicable, is quite clear, not only from their language, but from its being followed by a provision to the effect that in case of a failure to main-

tain a fence after once constructed, the liability for the killing of domestic animals shall not extend to losses accruing in part from contributory negligence of the persons claiming compensation therefor, or losses accruing from defects in the fence existing without negligence on the part of the railway corporation.  Here there was a superseding overpowering cause that intervened between the failure of duty to fence and the entry of the horses upon the right of way, which took the place of the defendant's negligence, so that it cannot reasonably be said that such negligence, either in whole or in part, produced the loss complained of.  In following the chain of causation from the death of the horses back, we find it tied at the antecedent end to the condition created by the fire.  Over that we cannot pass to reach the neglect to fence, which, under the circumstances, became a remote cause.  Our duty ends when we trace the chain back to what must stand as the real producing cause.  *Causa proxima et non remota spectatur.*  The rule clearly applies that if, between an injury and prior negligence which might have produced it had the effect reached that far, there were a superseding cause, though not traceable to a responsible source, which, without the operation of the negligence contributing, produced the result complained of, the wrongdoer is not liable.

It follows necessarily from the preceding, that the trial court erred in holding that the defendant was liable for the loss of the two horses killed on the day of the fire.  There was no contest as to the right to recover $360.94 under the third and fourth causes of action.  Judgment in plaintiff's favor should have been limited to that, and costs taxed according to law.  The judgment should have been otherwise in favor of the defendant.  There is a statement in the motion papers indicating that there was an offer of judgment in the case made September 21, 1894.  We are unable to find anything in the record indicating the nature of that offer, so

Cook and another vs. Minneapolis, St. Paul & Sault Ste. Marie R. Co.

as to determine how it legally affects the question of costs in the lower court; therefore no directions in regard to it can be made. The question of costs will therefore be left for such court to determine when the case again reaches it.

A careful examination of the printed case and briefs satisfies us that a strict compliance with the rules calls for much less printing than they contain. The case consists of 547 pages, much of which could have been omitted entirely, and the balance have been much condensed. There are four briefs, including a reply, consisting in the aggregate of a little less than 200 pages. The rules require but one brief, and permit, in addition, a reply. Where there are several counsel on the same side and they deem the interests of their client to require a division of labor and separate briefs to be filed, that is permissible; but the fact remains that only one brief on a side is called for by the rules, though disbursements for others, permitted in proper cases, may be allowed. The allowance ordinarily, as a matter of right, however, goes only for one brief on a side and the permitted reply, as it is only necessary printing that is taxable against the losing party. *Paine v. Trumbull*, 33 Wis. 164. It is considered that 300 pages would have covered all printing that was reasonably necessary on this appeal, on the part of the appellant; therefore disbursements in this court on that account must be limited to that amount of printing.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment in favor of the plaintiffs for $360.94, and in favor of the defendant as to the first and second causes of action in the complaint, costs in the lower court to be taxed and allowed according to law; costs for printing on this appeal to be taxed as indicated in the opinion.