Rich vs. The Keshena Improvement Co.

RICH vs. THE KESHENA IMPROVEMENT COMPANY.

*November 22 — December 12, 1881.*

Pleading — Flowage of Land.

1. A complaint charging that the defendant so negligently and defectively constructed and superintended certain of its dams that they were unable to resist the pressure of the waters above them and were carried out, thus flooding the stream below with an unusual quantity of water, and that such water was discharged through the gates of the dams not carried away (presumably to save such dams) upon the lands of the plaintiff, causing damage, shows an injury for which a common law action may be maintained, and for which the mill-dam act affords no remedy.

[2. Whether under the charter of the defendant (P. & L. Laws of 1866, ch. 352, sec. 4), the mill-dam act furnishes the exclusive remedy for an injury to lands below the dams, caused by discharging sufficient water to float logs down the stream, is not determined.]

APPEAL from the Circuit Court for *Outagamie* County. Appeal from an order overruling a demurrer to the complaint. Several grounds of demurrer were assigned, but the only ground argued or considered is that the complaint fails to state a cause of action.

The complaint alleges that the plaintiff is the owner of certain farming lands situate in Outagamie county; that the defendant is a corporation, and is and has been the owner and proprietor of certain dams upon the Upper Wolf river and its tributaries, said dams being used and operated by the defendant for the purpose of holding back the waters of said

Wolf river, to be used by the defendant for the purpose of flooding said Wolf river, and thereby floating down the same logs and timber; that on or about the 10th day of June, 1880, the defendant, by means of said dams, had retained, stored, and accumulated immense quantities of such waters, which would otherwise have flowed down the channel of said river; that certain of the said dams were each constructed in an improper, defective, unsafe, and imperfect manner, and were not, at the time of the breaking away of the same, of sufficient strength, nor constructed in such manner as to resist the pressure of the water behind and upon them; that said dams were carelessly and negligently kept, used, operated, and maintained; that the defendant failed and neglected to exercise proper care and supervision over such dams, and failed and neglected, contrary to the provisions of the charter, to place a man to attend said dams, or either of them; that in consequence of such improper, defective, unsafe, imperfect, and insufficient construction and condition of said last mentioned dams, and such careless and negligent keeping, using, operation, and maintenance of the same by said defendant, as aforesaid, the said dams last above mentioned were unable to resist the pressure of the water above and upon them, and on the 10th day of June, 1880, were torn out and carried away by the waters aforesaid, and all the gates in said dams, other than said last-mentioned dams, were thereupon opened by said defendant, whereby the bodies of water so accumulated by all of said dams, as aforesaid, were suddenly released and discharged, and an immense and unusual quantity of water was thereby precipitated into the channel of said Wolf river and overflowed, the banks thereof; that in consequence of such overflowing, the lands of this plaintiff were flooded and injured, and his crops destroyed, for which he claims damages.

For the appellant there was a brief by *Jackson & Thompson*, as attorneys, and *Chas. W. Felker*, of counsel, and oral argument by *Mr. Jackson*.

Rich vs. The Keshena Improvement Co.

For the respondent there was a brief by *Barnes & Good-land* and *Finch & Barber,* and oral argument by *Mr. Goodland.*

LYON, J.   As we understand the complaint, it charges that the defendant company so negligently and defectively constructed and superintended certain of its dams across the Wolf river and its tributaries, that such dams were unable to resist the pressure of the waters above them and were carried out, thus flooding the stream below with an immense and unusual quantity of water; also that such water was discharged through the gates of the defendant's dams not carried away (presumably to save such dams) upon the lands of the plaintiff, causing the damage complained of.   No complaint is made that the gates were wrongfully opened; the fair inference is that they were necessarily and lawfully opened.   Neither is there any allegation that they were opened for the purpose of floating logs in the stream below, and no such inference can justly be drawn from the pleading.

The *gravamen* of the action is the negligence charged in respect to the construction and management of the dams which were carried away, and the consequent injury to the plaintiff's land and crops.   For such an injury a common law action may be maintained; and the mill-dam act affords no remedy therefor.   Whether or not under the charter of the defendant the mill-dam act furnishes the exclusive remedy for the recovery of damages for injury to land below the dams, caused by discharging sufficient water to float logs down the stream, we do not decide.   No such question is presented on this appeal.

Construing the allegations of the complaint by the statutory rule (R. S., 728, sec. 2668), we think a cause of action is stated therein, and hence that the demurrer was properly overruled.

*By the Court.*— Order affirmed.