OLSON, Administratrix, Respondent, vs. THE PHŒNIX MANU-    103    337.
FACTURING COMPANY, imp., Appellant.    112    ³477

*May 16 — June 2, 1899.*

*Negligence: Joint tort-feasors: Collapse of building: Killing of workman not an employee: Proximate cause: Pleading: Definiteness.*

1. Appellant, which, with two other contractors, had entered into independent contracts to dismantle and reconstruct a building which collapsed, causing the death of plaintiff's intestate, owed him the duty of reasonable care in conducting *its* operations, so far as they might with reasonable probability affect others employed on the building, and if it was guilty of negligence which a reasonably prudent person would have foreseen was likely to cause or aid in causing the fall of the building and consequent injury to workmen thereon, it is liable in damages, although the intestate was not in its employ, and other responsible human agencies may have contributed to the injury.

2. When two or more independent causes join to produce an injury and the origin of each is a responsible cause, each author is liable.

3. A complaint alleging indiscriminately that the various acts causing damage were the acts of all three contractors, and also that the contractors were acting independently, under the liberal rules for construction of pleadings, is not demurrable, the remedy being by motion to make such allegations more definite and certain.

4. The injury of a man employed in a three-story building is a probable and proximate result of its collapse.

APPEAL from an order of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

Appeal from order overruling appellant's demurrer to a complaint. It is alleged, among other things, that the defendants Truax and Kahn were the owners of a dilapidated and dangerous building, and adopted certain plans, methods, and specifications for dismantling or tearing down said building, and repairing and reconstructing the same, and for that purpose the appellant and two other defendants entered into independent contracts with the owners for doing said work; that the plans and specifications adopted by the

owners were improper and imperfect; that each of the contractors and their foremen were incompetent, unqualified, and incapable of comprehending and understanding the importance of, and the difficulty and dangers connected with, said undertaking; that the contractors neglected to employ capable or competent foremen and employees, or to furnish their servants and laborers with proper tools, implements, and instrumentalities, and omitted to take the requisite and indispensable precautions to guard against the collapse and fall of the building; that, in an interval of the absence of plaintiff's intestate for about a week, various things were done naturally tending to make probable the collapse of the building, such as cutting away portions of the walls, partially removing foundations under them, cutting out and removing studdings and framework and supporting iron rods, and piling some 40,000 pounds in weight of materials upon the third floor; that the defendants all authorized, ordered, and directed the manner, mode, and method in which the work was being done, and sanctioned and approved of the tools, implements, and instrumentalities used therein; that plaintiff's intestate was ignorant of these various perils, and on the 17th day of August, 1896, was assigned to work on the second floor of said building, and that the three contractor defendants "employed and used, and were employing and using, unsuitable, unfit, and inadequate tools, implements, instrumentalities, and appliances in doing, executing, and performing said work of dismantling, removing, remodeling, renovating, repairing, rebuilding, and reconstructing said building, on and between the 29th day of July and the 17th day of August, 1896, in so careless, negligent, and reckless a manner, under the immediate and continuous supervision, direction, and control of the said defendants Peter Truax and Alfred Kahn, who empowered, authorized, approved, sanctioned, adopted, and ratified the manner, mode, and method of doing, executing, and performing said work,

Olson vs. The Phœnix Mfg. Co.

according to and in pursuance of improper, unsafe, and defective plans and specifications provided by and furnished to said contractors by said defendants Peter Truax and Alfred Kahn, which naturally, directly, necessarily, and inevitably resulted in causing and occasioning the collapse and fall of said building on the 17th day of August, 1896," whereby the plaintiff's intestate, while in the exercise of due care and caution, and without fault or negligence, was precipitated to the basement, crushed by falling timber and débris, and instantly killed; that the plaintiff is the widow and administratrix of the estate of deceased, and dependent upon him for support.

For the appellant there was a brief by *V. W. James*, attorney, and *Frawley, Bundy & Wilcox*, of counsel, and oral argument by *Mr. James*.

For the respondent there was a brief by *A. C. Larson* and *J. C. Gilbertson*, and oral argument by *Mr. Larson*.

DODGE, J.   While the appellant, not being his employer, did not owe plaintiff's intestate the special duty of providing a reasonably safe place to work, it did owe the duty of reasonable care in conducting its operations, so far as they might, with reasonable probability, affect others employed on the building; and if it was guilty of negligence which a reasonably prudent person would have foreseen was likely to cause, or aid in causing, the fall of the building, and consequent injury to workmen thereon, it is liable in damages, although other responsible human agencies may have contributed.   Where two or more independent causes join to produce an injury, and the origin of each is a responsible one, each author is liable.   *Cook v. M., St. P. & S. S. M. R. Co.* 98 Wis. 624, 642; *Slater v. Mersereau*, 64 N. Y. 138.   Such case is within the rule that joint tort-feasors are all liable and may be sued either jointly or separately.   The difficulty with this complaint is that all three of the contractors are

indiscriminately alleged to have done the various acts constituting negligence, and it is urged that, inasmuch as it also appears that they were acting independently, they could not all have done any of those acts, and therefore the complaint fails to allege that either of them did any. But that objection could better be raised and considered upon a motion to make definite and certain such allegations, upon which motion such degree of specification as is possible to the plaintiff would doubtless be ordered. But, upon general demurrer and in obedience to sec. 2668, R. S. 1878, and to the rules of construction indicated by this court in *Fitts v. Waldeck*, 51 Wis. 567; *Rich v. Keshena I. Co.* 56 Wis. 287; *Young v. Lynch*, 66 Wis. 514; *Schneider v. Wis. Cent. Co.* 81 Wis. 357; *Doolittle v. Laycock, ante*, p. 334; and many other cases,— we think it must be held that the complaint fairly charges each of the defendants with the commission of the various acts of negligence alleged generally to have been committed by the defendants or by the contractors, and, as so considered, it clearly charges that the collapse of the building was not only the reasonably probable, but the necessary, result of the bad methods, incompetent superintendency, unsafe and unsuitable appliances, and negligent and reckless manner of conducting the work, and other acts therein committed by this demurrant. The injury of a man employed in a three-story building is, of course, a probable and proximate result of its collapse. The demurrer was properly overruled.

*By the Court.*— Order of circuit court affirmed.