# Wall *v.* Lit.

*Negligence—Inevitable accident—Nonsuit.*

In an action by a customer against the proprietors of a department store, to recover damages for personal injuries, where it appears that the injury was caused by an employee carrying a heavy roll of oilcloth, stumbling over a roll of matting in a passageway in the store and striking the plaintiff, the injury is the result of an inevitable accident against which human foresight cannot provide ; there is no culpable negligence and a nonsuit is properly entered.

Argued March 19, 1900.   Appeal, No. 444, Jan. T., 1899, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1899, No. 155, refusing to take off nonsuit.   Before GREEN, C. J., DEAN, FELL, BROWN and MESTREZAT, JJ.   Affirmed.

Trespass for personal injuries.   Before McMICHAEL, J.

At the trial it appeared that on January 26, 1899, the plaintiff went to a large department store owned by the defendants to make a purchase.   He went into the basement by the direction of a floorwalker, and after he had made his purchase was struck by a roll of oilcloth which one of defendants' employees had been carrying.   Plaintiff described the accident as follows :

" A. I was standing in the passageway, and the saleslady was in front of me.   She made out a check, and while I stood I was knocked down with a terrible blow, and I went down on the floor, and I just raised my head, and I didn't know what it could be, and I saw a man on me and an oilcloth.   I said, ' Don't kill me.'   ' Oh, Lord ! ' he said.   ' I nearly got killed myself.

And it is not my fault,' he says. 'You see that roll of matting, it was in my way, and I stumbled over that.' Q. Where was that roll of matting? A. It was in the passageway from me, maybe three or four yards. And he went up, and I laid myself across the washtubs to take a little breath. And the man who fell on me—he started to pick up that roll of matting again to put it on his shoulder, and started one or two steps, and he said, 'I can't work any more to-day. I am hurt awful.' Q. Did you see the roll of matting over which you say the man tripped that was carrying the oilcloth? A. Yes, sir; the man pointed it out to me. He said, 'It ain't my fault. You see this roll of matting was in my way, and that is the fault I struck you and knocked you down. It ain't my fault,' he said."

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*R. Loper Baird*, of *Baird & Hopkinson*, for appellant.—The defendants were not bound satisfactorily to explain the cause of the accident but they were bound to rebut the presumption of negligence arising from the attendant circumstances: Huey v. Gahlenbeck, 121 Pa. 238; Ryan v. Ardis, 190 Pa. 66; Stewart v. Alcorn, 2 W. N. C. 401; Kaples v. Orth, 61 Wis. 531; Lyons v. Rosenthal, 11 Hun, 46; Dixon v. Pluns, 98 Cal. 384; Howser v. Cumberland, etc., R. R. Co., 80 Md. 146.

The two causes of the injury, the obstruction in the passageway, and the employee stumbling over it with the roll of oilcloth on his shoulder, were concurrently proximate causes of the accident for both of which the defendants are liable: Burrell Township v. Uncapher, 117 Pa. 353; Township of Plymouth v. Graver, 125 Pa. 24; Kitchen v. Union Township, 171 Pa. 145.

*Morton Z. Paul* and *Crawford & Loughlin*, for appellees, were not heard, but cited in their printed brief: Mulvana v. Anchoria, 77 Fed. Repr. 994; Saunders v. Coleridge, 72 Fed. Repr. 676; Huey v. Gahlenbeck, 121 Pa. 238; Stearns v. Ontario Spinning Co., 184 Pa. 519; Scott v. Allegheny, etc., Ry. Co., 172 Pa. 646; Mars v. Del. & Hudson Canal Co., 61 N. Y. Supreme Ct. 625.

PER CURIAM, April 16, 1900:

In this case the injury was the plain result of one of those inevitable accidents against which human foresight cannot provide, and where, under all the authorities, there is no culpable negligence by any of the parties. In such cases there can be no recovery.

Judgment affirmed.