LIPPERT, Special Administrator, Appellant, vs. JOSEPH SCHLITZ BREWING COMPANY, Respondent.

*January 10—February 1, 1910.*

*Negligence: Unsafe premises: Injury to invitee: Master and servant: Injury to third person: Accident: Appeal: Estoppel to allege error.*

1. Premises cannot be said to have been unsafe as to a person thereon by invitation, so as to render the owner liable on that ground for an injury to such invitee, if no injury could have befallen the latter merely from the condition of the premises or the ordinary conduct of the business thereon, without the intervention of some responsible negligent human agency.

2. For injuries to a third person caused by pieces of a broken glass bottle thrown by a servant as a result of an accidental explosion, the master is not liable. [Whether the master would be liable if the explosion was not an accident, but an ordinary and usual occurrence which in the exercise of ordinary care he should have anticipated and guarded against, not determined.]

3. Plaintiff cannot complain of the admission of incompetent evidence offered by himself, which showed the nonliability of the defendant, although had such evidence been excluded the other evidence might have established his case.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Rubin & Zabel,* and oral argument by *W. C. Zabel.* They cited, among other authorities, *Dorsey v. Phillips & C. C. Co.* 42 Wis. 583; *Olson v. Doherty L. Co.* 102 Wis. 264, 78 N. W. 572; *Hazen. v. West Superior L. Co.* 91 Wis. 208, 64 N. W. 857; *Dugal v. Chippewa Falls,* 101 Wis. 533, 77 N. W. 878; *Campshure v. Standard Mfg. Co.* 137 Wis. 155, 118 N. W. 633; *Leque v. Madison G. & E. Co.* 133 Wis. 547, 113 N. W. 946; *Bessex v. C. & N. W. R. Co.* 45 Wis. 477; *Bright v. Barnett & R. Co.* 88 Wis. 299, 60 N. W. 418; *Hupfer v. Nat. D. Co.* 114 Wis. 279, 90 N. W. 191; *Huber v. La Crosse City R. Co.* 92 Wis. 636, 66 N. W. 708; *Yerkes v. N. P. R. Co.* 112 Wis. 184, 88 N. W. 33; *Crites v. New Richmond,* 98 Wis. 55, 73 N. W. 322; *Hocking v. Windsor S. Co.* 125 Wis. 575, 104 N. W. 705; *McDougall v. Ashland S. F. Co.* 97 Wis. 382, 73 N. W. 327.

For the respondent there was a brief by *Miller, Mack & Fairchild,* and oral argument by *E. S. Mack.* Besides other cases, they cited *Fisher v. Franklin,* 89 Wis. 42, 61 N. W. 80; *McGinn v. French,* 107 Wis. 54, 82 N. W. 724; *Prideaux v. Mineral Point,* 43 Wis. 513; *Stackman v. C. & N. W. R. Co.* 80 Wis. 428, 50 N. W. 404; *Kraeft v. Mayer,* 92 Wis. 252, 65 N. W. 1032.

TIMLIN, J. The defendant brewing company contracted with one Toepfer for the construction by the latter of a large upright iron tank extending from some feet below the basement floor through the basement ceiling and floor of the room above. This necessitated the cutting of a somewhat circular hole through said ceiling and floor larger than the tank and leaving an open space around the circumference of the tank. On this upper floor employees of the respondent were engaged in a process called "pasteurizing" beer for bottling. In this

operation bottles were frequently·broken, and in the progress of their work the employees threw this broken glass into a box resting on this upper floor near the opening aforesaid. When the box was filled with broken glass it was removed, emptied, and replaced for the further reception of broken glass.    The appellant, an employee of Toepfer, was engaged in heating and fitting rivets into the tank in process of construction.    Toepfer and his men were in the basement and working on the tank by invitation of the respondent.    The representative of the respondent was notified by Toepfer or some one representing him not to let this broken glass down on Toepfer's workmen.    While the plaintiff was standing on a plank in the basement engaged at work, some of this broken glass came down through the opening aforesaid, fell on his bare arms and cut them, caused him to drop off the plank, and thereby to sustain personal injuries.    Although twice excluded by rulings of the trial court, the plaintiff finally succeeded in getting in without objection testimony on his part that immediately after the accident he went up on the other floor looking for respondent's superintendent or foreman, found a boy there, showed the boy his bleeding arm, and the boy said, "The bottle—I couldn't hold the bottle, it exploded on me, and I threw it."    The court below ordered a judgment of nonsuit.

This case is presented by both appellant and respondent largely as if it involved the question of an unsafe place and the duty of the owner of the premises toward one on his premises by invitation under such circumstances.    That does not appear to us to be the question in the case.    The premises were not unsafe as to the plaintiff, nor was the plaintiff injured in consequence of any omission on the part of the owner in that regard.    Where, without the intervention of some responsible negligent human agency, no injury can befall the invitee merely from the condition of the premises or the ordinary conduct of the business thereon, such premises cannot

'be said to be unsafe. If the dangerous character of the premises is predicated upon placing the box for the reception of broken glass too near the opening in the ceiling, such dangerous condition must result from a method of placing the broken glass in the box which would be apt to cause the broken glass to spill over the box and fall down the opening. But there is no proof of the method employed. This hole did not cause the broken glass to come down. It was a mere condition which made the negligent dropping or throwing of the glass effective to produce the injury. The case might be different if this hole could cause something to fall on the plaintiff without the intervention of a responsible negligent human agency. The case seems to present the question of the liability of the master to third persons on account of the wrongful or negligent act of his servant. It is quite possible that the declarations of the boy were not admissible as *res gestœ*. But see *Bass v. C. & N. W. R. Co.* 42 Wis. 654, and *Hooker v. C., M. & St. P. R. Co.* 76 Wis. 542, 44 N. W. 1085. In any event, the party offering the evidence cannot complain on that ground. If this declaration had been omitted from the plaintiff's case there might have been sufficient circumstantial evidence from the nature of the work, the location and position of the box for the reception of broken glass, and the falling of the glass, to sustain a finding that the servant of the defendant, in the discharge of his duty and in attempting to throw the broken glass into this box, negligently threw the glass so that it went over the box and into the opening before mentioned and down upon the plaintiff. This would call for an application of the rule *respondeat superior*. But with this explanation of the boy showing that the fall of the glass was the result of accident the nonliability of the superior was shown. *Wall v. Lit,* 195 Pa. St. 375, 46 Atl. 4. What the result would have been had the appellant produced evidence that the explosion of the bottle was not an accident, but an ordinary and usual occurrence which the defendant in the

exercise of ordinary care should have anticipated and guarded against, we do not decide. There is evidence tending to show that many bottles were broken in the operation, but the only evidence on the question of explosion is contained in the following question and answer: "Q. Does it *ever happen* that these bottles when being taken out of the pasteurizing tanks explode? A. Oh, yes; accidents happen."

The plaintiff died pending this appeal, and his administrator was substituted as plaintiff upon suggestion of the death.

The judgment of nonsuit must be affirmed.

*By the Court.*—It is so ordered.