CUMMINGS, Administratrix, Respondent, vs. C. W. NOBLE COMPANY, imp., Appellant.

*April 28—May 24, 1910.*

*Negligence: Contractor placing material near railway track: Injury to switchman: Liability: Pleading: Definiteness: Demurrer: Misjoinder: Parties.*

1. A private contractor who places material on the right of way of a railway company owes to the railway employees the duty to use ordinary care in so placing such material that it will not be dangerous to them while riding on cars and engines in the manner in which they ordinarily ride in the performance of their duties.

2. A contractor whose breach of such duty caused an injury to a railway employee is not relieved from liability therefor by the fact that the railway company was also negligent by reason of its assent to the contractor's act or its failure to remove the danger.

3. In an action against a contractor for an injury caused by his piling timbers near a railway track, a complaint showing that the timbers were placed in such dangerous position before the accident and that they caused it need not state more definitely when they were so placed.

4. A general demurrer to a complaint by one of two defendants, on the ground that no cause of action is stated against him, does not raise the question of misjoinder of parties or causes of action.

APPEAL from an order of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

The appeal is from an order overruling a demurrer to the complaint. The complaint set forth that J. N. Cummings died on September 12, 1909; that the plaintiff was duly appointed and qualified as administratrix of his estate; that decedent, at the time of receiving the injuries which produced his death, was in the employ of the defendant railway company as a switchman in its yards at the city of La Crosse; that the defendant the *C. W. Noble Company* was constructing a sewer alongside of and near to one of the railway tracks of the defendant railway company in said city; that said *C. W. Noble Company* did carelessly and negligently pile and place large quantities of timbers and planks close to said railway track, the same being placed so closely thereto that they would strike the said railway company's employees while engaged in the performance of their work in passing by the same upon the cars and engines of the railway company; that such timbers and planks were negligently so piled and placed on September 4, 1909, and the defendant railway company did carelessly and negligently permit and allow said timbers and planks to be so placed and to so remain on said day; that the same were piled on the right of way of the said railway company; that on said 4th day of September the decedent, who was in the employ of said railway company, while in the performance of his duties, riding upon an engine by or at the place where said timbers and planks had been carelessly and negligently placed by said *C. W. Noble Company,* and had been by said railway company carelessly and negligently allowed to remain, was thrown from said engine by said timbers and planks, and suffered injuries in consequence of which he died on the 12th day of September, 1909. The railway company interposed an answer to the complaint. The *C. W. Noble Company* interposed a general demurrer thereto on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the trial court.

The cause was submitted for the appellant on the brief of *George H. Gordon,* and for the respondent on that of *A. E. Bleekman, Jr.,* and *Barton & Kay.*

BARNES, J.    1. The appellant contends that the deceased was the servant of the railway company; that such company was obliged to furnish him a safe place in which to work; that he was not the servant of the appellant, and the latter owed him no legal duty; and that therefore no right of recovery exists against it because no actionable negligence is shown.

The doctrine contended for would be a harsh if not an inhuman one for the courts to countenance.    That a private contractor may place an obstruction so close to railway switch tracks that a switchman, in riding upon a car or an engine while doing his usual work, is liable to be killed by coming in contact with such obstruction, and then escape liability by asserting that the person killed or injured was not an employee of such contractor, and therefore it was not liable because it owed him no duty, is a startling proposition that finds no support in the decisions of this court, and little, if any, support in the decisions of other courts.

Presumably the *C. W. Noble Company* knew that the switch tracks were used for switching purposes and that switchmen customarily ride on engines and cars in the performance of their duties.    In piling its material on the right of way of the railway company adjacent to the switch tracks, it was bound to exercise ordinary care in so placing it that it would not be a menace to the life or limb of railway employees riding on cars and engines in the manner in which they ordinarily ride while in the performance of their duties. If it failed to exercise such care it was guilty of a tort.    It owed to the employees of the railway company the duty of ordinary care, under the circumstances disclosed by the complaint, and the complaint shows that such care was not exer-

cised.    The decisions on this point in this court are: *Reinke v. Bentley,* 90 Wis. 457, 63 N. W. 1055; *Olson v. Phœnix Mfg. Co.* 103 Wis. 337, 79 N. W. 409; *Boyce v. Wilbur L. Co.* 119 Wis. 642, 97 N. W. 563; *Compty v. C. H. Starke D. & D. Co.* 129 Wis. 622, 625; *Hendrickson v. Wis. Cent. R. Co., post,* p. 179, 122 N. W. 758, 126 N. W. 686; *Lippert v. Jos. Schlitz B. Co.* 141 Wis. 453, 124 N. W. 491.    The cases in other jurisdictions to the same effect are numerous, but we do not deem it necessary to cite them to a proposition so well established by our own decisions.    It is no answer to the assertion of liability to say that there may also be a liability on the part of the railway company because it permitted the obstruction to be placed where it was or failed to remove it after it knew, or in the exercise of ordinary care should have known, of its existence.    Such an obstruction might well be put in place under such circumstances that there would be no liability on the part of the railway company.    If the appellant was negligent in the first instance, it is not relieved from liability to the person injured because the employer of the decedent was also negligent by reason of its assent to the act or because it failed to remove the danger.

2. It is next urged that the complaint is defective because it does not allege when the timbers were piled near the railway track.    It is alleged that, before the accident occurred, they were placed in the dangerous position which they occupied and that they caused the accident.    Such allegation is sufficient to show liability.

3. Lastly it is argued that there is no privity between the defendants and therefore no joint liability for the injury exists.    This question is not before us.    There was no demurrer interposed to the complaint because of a misjoinder of parties or of causes of action; simply a general demurrer on the ground that a cause of action was not stated against the appellant.    Subd. 4, sec. 2649, Stats. (1898), specifies a defect of parties as one of the grounds of demurrer, and

subd. 5 of the same section specifies as a separate ground of demurrer that several causes of action have been improperly united. Sec. 2651 requires that the grounds of demurrer to the complaint shall be distinctly specified. Sec. 2653 provides that, when any of the grounds of demurrer enumerated in sec. 2649 do not appear on the face of the complaint, the objection may be taken by answer, and the following section (2654) provides that, if objection is not taken by demurrer or answer, the defendant shall be deemed to have waived the same.

*By the Court.*—Order affirmed.