LEWANDOWSKI, Respondent, vs. McCLINTIC-MARSHALL CONSTRUCTION COMPANY, Appellant.

*October 30, 1913--January 13, 1914.*

*Negligence: Personal injury: Dangerous method of doing work: Tossing heated rivets: Failure to give warning: Questions for jury: Special verdict: Waiver of objections: Appeal.*

1. Plaintiff, a bricklayer not in defendant's employ, while working upon the first floor of the east wing of a building was struck and injured by a heated bolt or rivet. Between the wall at which he was working and the west wing of the building was a court about thirty feet wide. On the seventh story of the west wing defendant's employees were riveting the steel framework. No one else was engaged in that work around the building. The evidence—which showed among other things that the rivets, after being heated to a white heat, were tossed sometimes a distance of seventy-five or eighty feet to a helper who caught them in a pail or bucket, but missed about one in a hundred—is *held* to sustain findings by the jury that defendant ought reasonably to have anticipated that injury might happen from the manner in which the work was done; that it was defendant's duty to warn plaintiff of his danger; and that failure to warn was the proximate cause of the injury.

2. The inference being irresistible that the rivet which struck plaintiff was one heated by defendant's employees, it was not error to refuse to submit that question to the jury.

3. Although the complaint did not set up failure to warn as a ground of negligence, yet the defendant, not having objected to the submission of that question to the jury, cannot on appeal successfully assert that such submission was error.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

The defendant company was engaged in constructing the steel and iron work of a building being erected in the city of Milwaukee. Plaintiff, a bricklayer in the employ of Strachota & Sons, mason contractors, was at work upon the same building, and at the time of the injury was on the inside of the wall of the east wing, which wall at that time was built up about three feet from the first floor on which he was standing. The employees of the defendant were working on the seventh floor of the west wing riveting the steel and iron frames. Between the two wings there was a court about thirty feet wide. It was the practice of the man who heated the rivets or bolts to toss them by means of a tongs to the man who did the riveting, and he or his helper caught them in a bucket or pail. The complaint alleged that during this operation one of the rivets or bolts dropped down through the building and struck the plaintiff upon the shoulder. This action was brought to recover damages for injuries sustained. The complaint charged that the defendant performed the work of transferring bolts from where they were heated to the riveter in a negligent manner, and also that the employees of the defendant negligently performed the work. The jury returned a special verdict in which it found (1) that plaintiff was injured by being struck by a riveting bolt; (2) that defendant ought reasonably to have anticipated that injury might happen from the manner in which the work was done; (3) that it was defendant's duty to warn plaintiff of his danger; (4) that failure to warn was the proximate cause of the injury. From a judgment rendered on this verdict the defendant appeals.

For the appellant there was a brief by *Flanders, Bottum, Fawsett & Bottum,* and oral argument by *Roger G. Flanders.*

For the respondent the cause was submitted on the brief of *Casimir Gonski.*

The following opinion was filed November 18, 1913:

BARNES, J.    The appellant contends that it was error not to allow the jury to say whether the rivet which struck the plaintiff was dropped or thrown by defendant's employees, and also that the court erred in not directing a verdict for the defendant in the first instance, and in not changing the answers to certain questions in the special verdict after it was returned and awarding judgment for the defendant on the verdict as corrected.

The evidence, and the pleadings as well, showed that the defendant was engaged in riveting the iron framework of the building and that such rivets were heated and tossed or passed by the man who heated them to the helper of the riveter, and that occasionally the helper would miss a rivet so tossed and the same would fall, and it further showed that there was no one else engaged in this work around the building.    The inference would seem to be irresistible that the rivet which struck the plaintiff was one that was heated by the defendant's employees.    Whether there was any negligence in permitting it to drop is another question.

The complaint was framed on the theory that the defendant did its work in a negligent manner that was dangerous to other employees around the building.    This ground of negligence was not submitted to the jury, probably because the court thought either that the evidence showed that the defendant was doing its work in the usual and customary manner, or because it thought that in this case there was no evidence to show that the rivet in question dropped because of any negligence on the part of defendant or its servants. The rivet might accidentally drop while the helper was passing it to the riveter, or while the riveter was inserting it in the framework, without any negligence on the part of the employees.    The evidence failed to show that the rivet

dropped because of the failure of the helper to catch it when thrown by the man who heated it.

Failure to warn was not set forth as a ground of negligence in the complaint, but was submitted to the jury. The defendant asserts that this is error. No objection was taken to the submission of the question until after the jury had returned its verdict. If such an objection had been made the court would undoubtedly have entertained a motion to amend the complaint, and, if this particular issue had not been fully tried, would have permitted further testimony to be taken thereon. We do not think that the defendant should be allowed to experiment with the jury, but conclude that if it desired to object to the submission of this ground of negligence because not pleaded it should have done so before the jury passed on the question. The defendant was entitled to be apprised of this ground of negligence, if relied on. If it existed, the plaintiff's action should not be defeated because of his failure in the first instance to plead it. The trial court would not hesitate to amend the pleading if necessary, but would permit the defendant to have a fair trial on the issue. Having permitted the question to be submitted without objection, we must assume that the court considered that it had been fully tried.

We also think that the jury was warranted in answering this question as it did. These rivets were in reality iron bolts, which, falling a distance of seventy feet, would acquire considerable momentum, and considering the fact that they were heated to a white heat might well seriously injure any person whom they struck. It is not disputed that after they were heated they were sometimes tossed a distance of seventy-five or eighty feet to the helper, and that the only means he had of catching them was a pail or bucket and that as a matter of fact he would occasionally miss, the evidence showing that about one bolt in a hundred would be missed.

There were a number of gangs of men around the building performing various kinds of work thereon. Any of the men who were working within range of these missiles were liable to be hit and hurt at any time, as well as men who were passing back and forth through the building under where the riveting was being done. It would almost seem that as applied to this building the work was carried on in an obviously dangerous manner. But whether it was or not, the work of the defendant was such that it might at any time result in injury to the other employees about the building. Under these circumstances the jury might well find that it was the defendant's duty to warn employees about the building of the manner in which its work was being done and of the hazard to which they were subjected therefrom. *Olson v. Phœnix Mfg. Co.* 103 Wis. 337, 79 N. W. 409; *Cummings v. C. W. Noble Co.* 143 Wis. 175, 126 N. W. 664, and cases cited. Such employees would then have an opportunity to seek employment elsewhere while the riveting was going on, or to refuse to work in that part of this particular building where they would be subjected to such danger. The plaintiff had been at work where he was injured but a comparatively short time before the injury, and he testified that he had never seen a rivet fall until this particular one struck him. That he was within range of these falling missiles is very evident from the fact that he was struck by one. We cannot assume that somebody deliberately went out of his way to throw the rivet at the plaintiff. We think there is sufficient evidence in the record to sustain the findings of the jury and that the judgment should therefore be affirmed.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $20 costs, on January 13, 1914.