PENNELL, by guardian *ad litem,* Respondent, vs. RUMELY PRODUCTS COMPANY, Appellant.

*November 21—December 8, 1914.*

*Negligence: Exhibiting machinery at fair: Injury to spectator: Lack of guard railing: Concurring negligence of third person: Instructions to jury: Harmless errors.*

1. In an action for injury to plaintiff whose arm was caught between a belt and pulley on a threshing machine exhibited by defendant at a county fair, the evidence is *held* sufficient to warrant the jury in finding that at the time of the accident plaintiff was descending the steps of a viewing platform near the machine, which steps, unlike the platform itself, were not provided with a railing, and that the absence of a suitable railing was the proximate cause of the injury.

2. If the defendant, exhibiting such machinery in operation, should reasonably have anticipated that injury might probably result to some person exercising ordinary care if guard rails were not provided for the steps of the viewing platform, it was negligent in failing to provide them, and is liable to a person who, without fault on his part, was injured by reason of the lack of such rails.

3. If, as the testimony tended to show, another spectator jostled the plaintiff as he was descending the steps, causing him to fall toward the machine and get his arm caught therein, the fact that negligence of such third person concurred with defendant's negligence to produce the injury would not relieve the defendant of liability; nor can defendant escape liability if the act of the third person was not a negligent one.

4. A reference by the trial judge in his charge in such case to the "viewing stand which caused the injury," did not take from the jury the question of proximate cause, and, in the light of the remainder of the charge, the jury could not so have understood it. The error, if any, was therefore not prejudicial.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge.  *Affirmed.*

The plaintiff brings this action to recover damages for an injury received by reason of his arm having been caught between a pulley attached to the cylinder shaft of a threshing machine and a belt running from such pulley to operate a self-feeding device attached to the machine.  The machine was on exhibition at a county fair held at La Crosse in September, 1912.  Its front end faced east and on its south side a viewing platform was erected which was fourteen feet long, thirty inches wide, and four feet and four inches above the ground.  There was a railing around this platform about two feet high.  At the east end of the platform there were four steps leading to it which had no railing.  The pulley on the cylinder shaft where the injury occurred was five feet five inches from the ground, and the platform was thirteen inches below the center of this pulley.  There were three pulleys on this shaft on the side where the injury occurred, and plaintiff was caught on the one closest to the machine and farthest from the platform.  The belt was four feet long and four inches wide and ran upward at an angle of about forty-five degrees, as claimed by the defendant, and at a lesser angle according to the claim of the plaintiff.  The upper pulley on which this belt ran is claimed to be seven feet eleven inches from the ground.  The platform was about two feet south of the separator.  It was claimed by the defendant that the railing of the platform extended from fourteen to eighteen inches east of the cylinder pulley in which the plaintiff was caught. It is claimed by the plaintiff that the railing did not extend far enough east to be in line with the cylinder shaft.

Plaintiff with two others went up on the viewing platform to observe the machine in operation.  Plaintiff testified that one of his companions first went down the steps and he and the other companion were going down together when some one stepped between them and jogged the plaintiff with his shoul-

der so that plaintiff fell over and got his arm caught between the belt and the pulley, and that he was on the second step and stepping onto the third when this occurred. There was testimony tending to show that the hat of the man who jostled the plaintiff had blown off and that the jostling was the result of his making a quick grab for his hat. The negligence relied on was the failure of the defendant to place a railing on the side of the steps nearest to the machine.

The jury returned a general verdict assessing plaintiff's damages at $3,500. These damages the court deemed excessive and gave the plaintiff an option to take judgment for $2,000 or a new trial. Judgment was entered for $2,000 and costs in favor of the plaintiff and against the defendant, from which judgment defendant appeals.

For the appellant there was a brief by *Baldwin & Bosshard,* attorneys, and *Bagley & Reed,* of counsel, and oral argument by *C. L. Baldwin* and *W. R. Bagley.*

*F. E. Withrow,* for the respondent.

BARNES, J. The appellant argues that a verdict should have been directed (1) because the failure to provide a railing for the steps had nothing whatever to do with the plaintiff's injury, and (2) because the jostling or pushing of the plaintiff was the proximate cause of the injury and defendant was in no sense responsible for it. Failing in these contentions, defendant insists that it is entitled to a new trial because the court erred in charging the jury.

1. Three witnesses testified that they saw the plaintiff while his arm was wedged between the belt and the pulley and that his feet were on the platform and his side was resting against the platform railing. It is claimed that this evidence shows that plaintiff was not on the steps when he got caught, and the presence or absence of a railing thereon was wholly immaterial. The trouble with this claim is that there is plenty of evidence tending to show that plaintiff was on the

steps when he fell to warrant the jury in so finding.   It is argued that, while perhaps it is not impossible that the plaintiff might get caught if he stood where he claimed he did, it is highly improbable that he could, because of the distance he would be away from the belt.   An extended analysis of the measurements would serve no useful purpose.   When plaintiff found himself falling, his natural impulse would be to throw out his arm in the direction of the fall, and we see nothing improbable in his story.   Indeed we think it would be fully as improbable that he could be caught if he had been standing on the platform as it is that he could be caught if located where he testified he was.   There was a photograph offered which tended to show that the platform did not extend east beyond the cylinder shaft.   This shaft was only thirteen inches above the platform, and the plaintiff, according to his statement, was from twenty to thirty inches below the platform when he was caught.   The separator was but two feet from the platform.   There is a dispute as to the angle at which the belt ran.   But if we adopt the defendant's theory it would be difficult to say that the plaintiff, who was descending on the side of the steps closest to the machine and who was five feet six inches tall, would not throw out his arm when in the act of falling, so as to get caught in the belt.

2. The next question argued is that the pushing of the plaintiff by a third person was the proximate cause of the injury, and hence there can be no recovery.   The following cases are cited in support of the proposition advanced: *McFarlane v. Sullivan,* 99 Wis. 361, 74 N. W. 559, 75 N. W. 71; *Lippert v. Joseph Schlitz B. Co.* 141 Wis. 453, 124 N. W. 491; *Barton v. Pepin Co. Agr. Soc.* 83 Wis. 19, 52 N. W. 1129; *Brown v. C., M. & St. P. R. Co.* 54 Wis. 342, 11 N. W. 356, 911.   Another case dealing with independent intervening causes is *Cook v. M., St. P. & S. S. M. R. Co.* 98 Wis. 624, 636, 74 N. W. 561.

The jury might well find that the presence of a suitable

railing would have prevented the injury and that the absence of such a railing was a responsible cause for it. The man who jostled the plaintiff may or may not have been negligent. If he was, then we have two independent causes which joined to produce the injury. Under these circumstances both wrongdoers are liable and recovery may be had against either. It is so held in the following cases: *Atkinson v. Goodrich T. Co.* 60 Wis. 141, 18 N. W. 764; *Haley v. Jump River L. Co.* 81 Wis. 412, 51 N. W. 321, 956; *Olson v. Phœnix Mfg. Co.* 103 Wis. 337, 79 N. W. 409; *Sherman v. Menominee River L. Co.* 72 Wis. 122, 39 N. W. 365; *McClure v. Sparta,* 84 Wis. 269, 54 N. W. 337; and a large number of other cases which will be found cited in *Mehegan v. Faber,* 158 Wis. 645, 149 N. W. 397.

If the defendant would be liable although the act of the party who pushed the plaintiff was a negligent one, then we do not see how it can escape liability if such act was not a negligent one. Practically the same situation was before the court in *Tolleman v. Sheboygan L., P. & R. Co.* 148 Wis. 197, 134 N. W. 406, where the defendant was held liable. In principle the case does not differ from *Jackson v. Wis. T. Co.* 88 Wis. 243, 60 N. W. 430, where the defendant was likewise held liable. It is well known that county fairs attract crowds and that it is for this reason articles are placed on exhibition. The attention of the crowd is directed more towards objects which arouse their curiosity than it ordinarily is to their own safety or the safety of others. People crowd and jostle their neighbors. It was in anticipation of something of this kind that a railing was built around the platform, and also perhaps to prevent persons from thoughtlessly stepping off from it. In other words, it was anticipated that injury might happen to someone if a railing were not erected. There was just as much reason for placing a railing on either side of the steps and fully as much reason to anticipate that injury might result to some one if no railing were provided.

It was not necessary that defendant should anticipate that this particular accident might happen or that any accident might happen in the precise manner in which this one did. If the defendant should reasonably have anticipated that injury might probably result to some person exercising ordinary care if guard rails were not provided, then it was negligent in failing to provide them, and a person injured without fault on his part would have a cause of action. *Coolidge v. Hallauer,* 126 Wis. 244, 250, 105 N. W. 568; *Meyer v. Milwaukee E. R. & L. Co.* 116 Wis. 336, 93 N. W. 6.

3. No exception was taken to the charge of the court, but it is urged that there was prejudicial error in it and that the court should in the interest of justice review it under sec. 2405*m,* Stats.

Two paragraphs of the charge are criticised. One of them is obviously correct; the other is as follows:

"So you see that the questions which are for your determination are quite simple, for if the plaintiff has satisfied you by a fair preponderance of the evidence that the defendant was wanting in the exercise of such care and prudence as ordinarily careful and prudent persons ordinarily exercise under the same or similar circumstances in the erection and maintenance of its viewing stand which caused the injury, and that in the light of attending circumstances the defendant as an ordinarily careful and prudent person ought reasonably to have foreseen that personal injury to another might probably result from such want of care, then plaintiff is entitled to recover at your hands."

The criticism on this charge is that, by stating that the viewing stand *"caused the injury,"* the trial judge took from the jury the question of proximate cause and decided it himself.

The claim is far fetched. The court was not charging the jury on the question of proximate cause, but on what would constitute negligence on the part of the defendant. Where a

man's hand is injured in a machine it is common to refer to it as the machine which caused the injury, without at all implying that there was any fault or negligence on the part of the owner of it. The stand did cause the injury in the sense that it would not have been suffered had there been no stand, and it is highly improbable that the jury understood the words in any other light. There was very little to go to the jury on the question of proximate cause, except the element of reasonable anticipation, and the jury was carefully instructed that recovery could not be had unless the defendant ought reasonably to have foreseen that injury might result from its alleged negligent act. There was at least no prejudicial error in the instruction.

*By the Court.*—Judgment affirmed.