Kausch v. Chicago & M. E. R. Co. 176 Wis. 21.

KAUSCH, Respondent, vs. CHICAGO & MILWAUKEE ELEC-
TRIC RAILWAY COMPANY, Appellant.

*December 14, 1921—January 10, 1922.*

*Judgment: Oral: Appeal: Codefendants: Negligence: Reasonable
anticipation: Street railways: Starting car while passenger is
boarding: Brushing passenger against standing truck: Trial:
Special verdict: Form: Instructions: Proximate cause: Con-
tributory negligence.*

1. It is not necessary that a judgment of dismissal to which a
verdict entitles a defendant be in writing, an oral judgment
being sufficient.

2. Plaintiff attempted to board a street car operated by the de-
fendant street railway company, but before he was in the
vestibule the car started and carried him against a truck
owned by the other defendant which was parked close to the
track. Judgment was rendered on a special verdict in plaint-
iff's favor against the defendant railway company and the
record is not clear whether judgment was entered dismissing
the other defendant. *Held,* that the rights of the defendant
street railway company against its codefendant are not af-
fected by whatever disposition was made of plaintiff's cause
of action against such defendant, and on its appeal from the
judgment in plaintiff's favor it cannot raise the question.

3. The conductor of the street car, being chargeable with knowl-
edge that plaintiff was not safely aboard the car, should
have anticipated that some injury might probably result to him
from the sudden starting of the car while he was in the act
of boarding it; and legal negligence on the part of the com-
pany is sufficiently established though the conductor did not
know of the presence of the truck near the track.

4. The presence near the street railway track of the truck, even
if it constituted negligence on the part of the owner, was not
an intervening cause of the injury but a concurring cause.

5. An instruction as to the burden of proof was unnecessary where
the special questions to the jury were so framed that the
burden of proof was on the affirmative side in each instance,
and the jury were told with reference to each question that,
before they could return an affirmative answer, they must
be satisfied to a reasonable certainty, by a consideration of all
the evidence, that the fact inquired about existed.

6. Refusal to submit to the jury special questions which are im-
material is proper, as is also a refusal to submit a question
covering an element included in a question which was sub-
mitted.

7. The form of the special question to the jury, "Did plaintiff . . . fail to use ordinary care for his own safety and thereby proximately contribute to produce his injury," without any further indication that a slight want of ordinary care by plaintiff proximately contributing to produce the injury would require an affirmative answer, is sufficient and proper.

8. Error because of the omission of the word "probably" between the words "might" and "produce" in an instruction on proximate cause with reference to plaintiff's contributory negligence, "It must be a cause which the person responsible for it ought reasonably foresee might produce some such result," is prejudicial only to plaintiff and therefore not ground of complaint by defendant.

9. Error in a statement in an instruction on proximate cause with reference to plaintiff's contributory negligence, "It likewise must have been the cause of the result without any other outside cause coming in to interfere and produce the result," was prejudicial to defendant, as its natural import would be to convey the impression that to find contributory negligence the jury must find that the negligence of the plaintiff was the cause of the injury without reference to any other cause.

APPEAL from a judgment of the circuit court for Milwaukee county: A. H. REID, Judge. *Reversed.*

This action was brought to recover damages for personal injuries sustained by the plaintiff while he was attempting to board one of defendant's street cars in the city of Milwaukee. It was commenced in the civil court of Milwaukee county against the defendant railway company. Upon motion of the defendant railway company the Robert A. Johnson Company was made a party defendant, and plaintiff's complaint set forth a cause of action against both companies. Judgment was rendered in the civil court against the railway company for $2,000, but the written judgment made no disposition of the case as to the Robert A. Johnson Company.

The railway company appealed from the judgment so rendered, first to the circuit court and then to this court, where the judgment was reversed and the cause remanded for further proceedings according to law. *Kausch v. C. &*

*M. E. R. Co.* 173 Wis. 220, 180 N. W. 808. Upon a new trial in the circuit court pursuant to such *remittitur* from this court, a verdict was rendered in favor of the plaintiff and against the railway company for $6,500, which was set aside and a new trial ordered. Upon such new trial the jury returned a special verdict finding that on January 3, 1919, while the plaintiff was in the act of boarding one of defendant's street cars, the car was suddenly moved forward from a state of rest; that such sudden moving of the car constituted an act of negligence on the part of defendant's employees; that such negligence of defendant's employees was the proximate cause of plaintiff's injury; that the plaintiff did not fail to use ordinary care for his own safety; and awarding damages in the sum of $6,000. Upon this verdict judgment was rendered in favor of the plaintiff and against the defendant in the sum of $6,000, from which judgment defendant brings this appeal.

The record discloses that the defendant operates an electric street railway on Grove street, which runs north and south, in the city of Milwaukee; that on the day in question the car stopped just before reaching the intersection of Lincoln avenue for the purpose of taking on passengers; that a truck owned by the Robert A. Johnson Company was parked between the curb and the street-car track, standing at an angle of about forty-five degrees in a northwesterly and southeasterly direction, leaving a space between the motor truck and the body of the street car of about sixteen inches. The front end of the street car had passed the truck, but the rear end had not yet reached the truck. The plaintiff attempted to board the street car, and while he was gripping a tubing in the center of the vestibule, which served as a hand-hold, and had his left foot on the lower step, and before he had gripped the hand-hold with his right hand or placed his right foot on the lower step, the street car was suddenly started, and before he could draw his body into the

vestibule of the car he came into contact with the truck, which brushed him from the car and threw him violently to the ground, inflicting the injuries complained of.

For the appellant there was a brief by *Edgar L. Wood* of · Milwaukee, attorney, and *A. L. Gardner* of Chicago, of counsel, and oral argument by *Mr. Wood.*

For the respondent there was a brief by *Ray J. Cannon* of Milwaukee, attorney, and *M. L. Lueck* of Beaver Dam, of counsel, and oral argument by *Mr. Lueck.*

OWEN, J.    Before the introduction of any evidence defendant's counsel called the court's attention to the fact that, upon motion of appellant, the Robert A. Johnson Company had been brought in and made a party defendant in the civil court, and asked for a ruling as to whether that company was still a party to the action.    While the written judgment made no disposition of the case as to that company, it appeared that the special verdict submitted to the jury at the trial in the civil court contained three questions affecting its liability, all of which were answered against the plaintiff. The attorney for appellant then made a motion after verdict to change those answers, which motion was denied by the trial court, and judgment was rendered upon the verdict in favor of the plaintiff and against appellant.    From the judgment so entered the defendant appealed to the circuit court.    The circuit court affirmed the judgment of the civil court, which upon appeal was reversed by this court.    It seems that the circuit court, in considering the appeal from the civil court, gave no consideration to the judgment as it affected the Robert A. Johnson Company, and no question in that respect was raised when the case was here upon the former appeal.    It evidently was assumed by all, in all proceedings prior to the last trial, that the Robert A. Johnson Company had been eliminated from the case.    Although the written judgment entered in the civil court makes no disposition of the case as to the Robert A. Johnson Company, it

does appear from the record that the verdict of the jury was such as to entitle it to a judgment of dismissal. It is not necessary that the judgment should be in writing. The oral judgment of the court is sufficient. *Wallis v. First Nat. Bank,* 155 Wis. 533, 145 N. W. 195; *Wehr v. Gimbel Brothers,* 161 Wis. 485, 154 N. W. 972. But whether there was such an oral judgment does not appear from the record before us, so that we are unable to determine whether any judgment was actually entered by the civil court dismissing the action as to the Robert A. Johnson Company. However, this is a question in which the appellant here is not interested. *Bakula v. Schwab,* 167 Wis. 546, 168 N. W. 378. The rights of appellant against the Robert A. Johnson Company are not affected by the disposition which the trial court made of plaintiff's cause of action against that company, and it is in no position to raise the question. *Ibid.* That is a question in which the plaintiff only is interested, and he seems to have abandoned the action as to the defendant Robert A. Johnson Company, if in fact no more effectual disposition has been made thereof.

The defendant contends that judgment should have been directed in its favor because it was guilty of no negligence. The jury found upon sufficient evidence that the defendant's car suddenly moved forward from a state of rest while the plaintiff was in the act of boarding the car. Appellant argues that it was not the sudden starting of the car that caused the injury, but the proximity of the truck parked in the street, of which the conductor had no knowledge, and that, having no knowledge of the dangerous presence of the truck, he cannot be held to have anticipated that this accident might probably happen by reason of the starting of the car before plaintiff was safely aboard. It is likely true that the conductor did not know that the truck was in the street, and that he cannot be held to have reasonably anticipated that the plaintiff would suffer the particular accident and injury. But it is not necessary that he should anticipate a

specific injury. It is sufficient that he should reasonably have anticipated that some injury might probably result. *Coel v. Green Bay T. Co.* 147 Wis. 229, 238, 133 N. W. 23. The conductor was chargeable with knowledge that plaintiff was not safely aboard the car, and he should have anticipated that some injury might probably result to the plaintiff from the sudden starting of the car while plaintiff was in the act of boarding the same. This is sufficient to establish legal negligence on the part of the defendant.

Nor can it be held, as argued by appellant, that the presence of the truck in the street was an intervening cause of the injury. It was rather a concurring cause. Even though the presence of the truck constituted negligence on the part of the owner, the injury would not have occurred had the conductor refrained from starting the car until the plaintiff was safely aboard.

Error is assigned because the court did not charge the jury with reference to the burden of proof. The questions were so framed that the burden of proof was on the affirmative side in each instance. With reference to each question the jury were told that before they could return an affirmative answer they must be satisfied to a reasonable certainty by a consideration of all the evidence that the fact inquired about existed. If not so satisfied, they were directed to answer the question "No." This most effectually placed the burden of proof upon the party required to prove the affirmative of each question propounded, and made a charge with reference to the burden of proof unnecessary. The trial judge, in his opinion upon the motions after verdict, stated that this was his uniform practice, and expressed the opinion that it was a better and safer practice than to attempt to define the terms "burden of proof" and "preponderance of evidence." It appears to be a simple and effective way of impressing upon the jury the rule which should govern them in arriving at their determination, and rendered an instruction with reference to the burden of proof unnecessary.

Kausch v. Chicago & M. E. R. Co. 176 Wis. 21.

Appellant assigns as error the refusal of the court to include in the special verdict questions calculated to elicit findings as to whether the conductor knew the truck was parked in the street close to defendant's track, and whether the plaintiff in the exercise of ordinary care would have safely boarded the defendant's car had he not come in contact with the truck. These questions were immaterial, unless the presence of the truck constituted an intervening cause, which we have negatived.

Complaint is also made because the court refused to include in the special verdict the question of whether there was a want of ordinary care on the part of the conductor in giving the signal to start the car while the plaintiff was standing on the car step and holding onto the car with his hand. This element was included in the question submitted relating to defendant's negligence, with the instructions thereon, and its submission was not only unnecessary, but would have been improper, in view of the question submitted, by which it was determined that the sudden moving of the car constituted an act of negligence on the part of defendant's employees.

The question of contributory negligence was submitted in this form: "Did the plaintiff at said time fail to use ordinary care for his own safety and thereby proximately contribute to produce his injury?" The appellant complains of the form of this question for the reason that neither the question nor the court's instruction thereon indicated to the jury that they should answer the question "Yes" if they found that a slight want of ordinary care on the part of the plaintiff proximately contributed to produce the injury. It is true that neither the question nor the instruction advised the jury that they should answer the question "Yes" if they found that a slight want of ordinary care on the part of the plaintiff proximately contributed to produce the injury, but it did require them to find whether any want of ordinary care on the part of the plaintiff proximately contributed to the injury. Certainly any want of ordinary care includes slight

want of ordinary care, and the jury must have understood that if the plaintiff was guilty of any want of ordinary care, no matter how slight, which proximately contributed to the injury, they were required to answer the question "Yes." While it has been held proper to charge the jury that any want of ordinary care, no matter how slight, which proximately contributes to the injury is sufficient to find the plaintiff guilty of contributory negligence, it can have no other purpose than to emphasize that which is comprehended in the expression "any want of ordinary care." While this emphasizing phrase is usually indulged in connection with contributory negligence, it may, with the same propriety, be used in connection with the defendant's negligence. In fact, judicial impartiality between the parties would seem to require that it be used with reference to the negligence of both parties or not at all. To submit a case in any form which calls upon the jury to find whether the plaintiff is guilty of a slight want of ordinary care, while calling upon them to find whether the defendant is guilty only of a want of ordinary care, is apt to give rise to the impression in the minds of the jury that there are classifications of ordinary care. This is not the case. In *Astin v. C., M. & St. P. R. Co.* 143 Wis. 477, 484, 128 N. W. 265, it was said "that there are no sub-degrees within the major degrees of negligence, known in our law." This means that there are no classifications or subdivisions of want of ordinary care. Any want of ordinary care on the part of the plaintiff which proximately contributes to his injury constitutes contributory negligence. Likewise any want of ordinary care on the part of the defendant which is the proximate cause of the injury constitutes negligence on the part of the defendant. This is the rationale of the discussion of contributory negligence to be found in *Dreher v. Fitchburg,* 22 Wis. 675; *Ward v. M. & St. P. R. Co.* 29 Wis. 144; and *Bloor v. Delafield,* 69 Wis. 273, 34 N. W. 115, where the doctrine is firmly established in the jurisprudence of this state that it is not slight negli-

gence but any want of ordinary care on the part of the plaintiff proximately contributing to his injury that bars a recovery. Sec. 1809, Stats., providing that slight want of ordinary care on the part of the plaintiff shall not prevent a recovery for injuries sustained at railroad crossings under certain circumstances, possibly introduces an exception to the general rule above stated, but has no bearing upon the question we are discussing.

In submitting question 3 of the special verdict, inquiring whether the negligence of the defendant constituted the proximate cause of plaintiff's injury, the term "proximate cause" was defined in accordance with the decisions of this court. The definition, however, was not repeated in submitting the question relating to contributory negligence. That the jury had some difficulty in understanding their duty with reference to that question is evidenced by the fact that on two different occasions they called upon the court for further instructions with reference thereto. During the colloquy between the jury and the court the trial judge said:

"Now a cause in order to be a proximate cause must first of all be a real, acting cause, one that takes effect, that is the first thing; it likewise must have been the cause of the result without any outside cause coming in to interfere and produce the result; then, third, it must be a cause which the person responsible for it ought reasonably to foresee might produce some such result."

The last sentence above quoted is assigned as error because it is contended that to be a proximate cause "it must be a cause which the person responsible for it ought reasonably to foresee might *probably* produce some such result." It is true that a correct statement of the rule requires the word "probably" to occur between the words "might" and "produce." *Meyer v. Milwaukee E. R. & L. Co.* 116 Wis. 336, 340, 93 N. W. 6; *Feldschneider v. C., M. & St. P. R. Co.* 122 Wis. 423, 99 N. W. 1034. But by the omission of that word, under the circumstances, the appellant was not prejudiced. This statement was made by the court with

reference to plaintiff's contributory negligence, and permitted the jury to find him guilty of contributory negligence if he ought reasonably to have foreseen that his conduct might produce some such result, even though it might not "probably" produce such result. The error really gave the jury too broad rather than too narrow a latitude in construing plaintiff's conduct as contributory negligence, and was error prejudicial only to the plaintiff.

We are given more trouble, however, by the following phrase in the above quoted instruction, namely: "It likewise must have been the cause of the result without any other outside cause coming in to interfere and produce the result." This is not a correct statement. It is not necessary that a proximate cause should be the cause of the result without any other outside cause coming in to interfere and produce the result. This would preclude the possibility of fixing a proximate cause where two acts of negligence concur to produce an injury. It not infrequently happens that injury results from two independent negligent acts but for either of which the injury would not occur. Under such circumstances it is held that either wrong-doer whose negligent act concurs to produce the injury is liable therefor. *Mehegan v. Faber,* 158 Wis. 645, 149 N. W. 397; *Pennell v. Rumely P. Co.* 159 Wis. 195, 149 N. W. 769; *Ellis v. C. & N. W. R. Co.* 167 Wis. 392, 167 N. W. 1048. Under such circumstances the negligent act of each wrong-doer constitutes a proximate cause. If it were true that the "proximate cause must be the cause of the result without any other outside cause coming in to interfere and produce the result," then under such circumstances the negligent act of neither wrong-doer constitutes a proximate cause. The language quoted was addressed to the jury in connection with the question relating to plaintiff's contributory negligence, and its natural import, as so used, was to convey the impression that in order to find the plaintiff guilty of negligence which proximately contributed to the injury it was necessary to

find that his negligence was the cause of the injury without reference to any other cause, and would exclude the negligence of the defendant itself, and, having already found the defendant negligent, they could not also find the plaintiff negligent. ·We think the use of this language, under the circumstances, was clearly error, for which the judgment must be reversed.

Complaint is also made because the damages are excessive and because the court authorized the jury to include in the damages reasonable compensation for future loss of earnings, pain and suffering proximately resulting from the injury. In view of the fact that there must be a new trial, it is unnecessary to discuss at length the questions thus raised, and we will do no more than say that the evidence justified the assessment of future damages, although we think the amount of damages assessed is exceedingly liberal, and we would be much better satisfied with a considerably smaller amount. It is not necessary for us to determine whether they are excessive.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.